Turner v. Gibbs.

GEORGE W. TURNER, Respondent, v. SAMUEL M. GIBBS, Appellant.

1. Quantum meruit *for work and labor* — *Action on* — *Recoupment* — *Remote damages.* — In an action for work and labor done, only such damages as naturally result from a breach of the contract can be considered by the court in the way of recoupment; and where the account was for building a fence, defendant could not set up damages suffered by reason of stock breaking through the fence. Such damages were too remote, and could not be set up.

2. *Practice* — *Supreme Court* — *Appeals* — *Evidence.* — In cases at law, where there is any evidence to sustain the verdict. the Supreme Court will not disturb it.

*Appeal from Buchanan Court of Common Pleas.*

*Hill & Carter*, and *Hawley*, for appellant.

The damages done to the growing crops by cattle breaking through the fence built by respondent, under the law and facts of this case, are not too remote. They grow out of and are the

immediate result of the negligent manner of building the fence, and the very intent and purpose of the appellant in the building of this fence, as part of the contract, was to protect his crops.   It is well settled that any damages resulting and growing out of a breach of a contract, although unliquidated, may be recouped in reduction of the plaintiff's demand; and if such damages equal or exceed the contract price or value of the services, as in this case, he cannot recover.  (Lamb v. Brolaski, 38 Mo. 51; Sedgw. Meas. Dam. 492-3.)

*E. C. Zimmerman*, for respondent.

I.  Where there is any testimony to sustain a verdict or judgment, the Supreme Court, sitting as a court of review, will not disturb or reverse the same.   (McKay & Hood v. Underwood, 47 Mo. 185; Faugman v. Hersey, 43 Mo. 123.)

II.  The damage done to the crop of appellant, by reason of stock breaking through the fence, were unliquidated and could not be set up as a set-off.  (Johnson v. Jones, 16 Mo. 494; Pratt v. Menkens, 18 Mo. 158; Brake v. Corning, 19 Mo. 125.) The damages were not recoupment, being an injury to something not a component part of said fence in its construction, and were too remote.

ADAMS, Judge, delivered the opinion of the court.

This suit was founded on an itemized account for work and labor in making a fence, etc., brought before a justice of the peace, where the plaintiff had judgment for $50, from which the defendant appealed to the Common Pleas.   The case was by agreement submitted for trial to the court sitting as a jury, and the court found a verdict and gave judgment for plaintiff for $30.

On the trial evidence was given by both parties to sustain the issues made by them.   There were no instructions asked or given, and no question of law raised, except that on the trial the defendant offered to prove that damage had been done to his growing crops by reason of stock breaking through a fence the defendant had made for him.

The court excluded this evidence, and properly so, as such damages are too remote to be taken into consideration in estimating what a party might be entitled to on account of inferior workmanship in building a fence. Only such damages as naturally result from a breach of the contract can be considered by the court in such cases.

The evidence was contradictory, but sufficient to warrant the finding. In cases at law, where there is evidence to sustain the verdict, we do not feel at liberty to disturb it.

Judgment affirmed. The other judges concur.