HAYNER v. CROW, *Appellant*.

**Partnership Note for Individual Debt.** The plaintiffs at St. Louis sent a reaper to C. K. & Co., (a firm) at Sullivan, Missouri. C. K. & Co. afterward reported by letter that they had sold the reaper to K., a member of their firm, and sent the note of the firm for the price. It turned out that K. had made the transaction and written the letter wholly without the knowledge of the other members of the firm, and had alone gotten the benefit, but it also appeared that they habitually left the management of the business to K., and permitted him whenever he wanted goods to take them and charge them to himself. *Held,* that by their conduct they had brought themselves within the rule that where one of two innocent persons must suffer by the act of a third party he shall suffer who has been the cause or occasion of the confidence or credit reposed in such third party, and that they were liable on the note.

79   293
123   659

*Appeal from Franklin Circuit Court.*—HON. A. J. SEAY, Judge.

AFFIRMED.

*Crews & Booth* for appellant.

*T. A. Lowe* and *A. W. Underwood* for respondent.

EWING, C.—The appellant was a member of the firm of Crow, Kendrick & Co., and respondents sued him in the circuit court of Franklin county on a lost note alleged to have been made by Crow, Kendrick & Co. to respondents, on which $24 had been paid. Appellant answered denying that the firm of Crow, Kendrick & Co. executed any such note or made any payment on it.

Respondents offered the deposition of one A. K. Root, one of the firm of Hayner & Co., who testified in substance that respondents sent Crow, Kendrick & Co. a reaper for sale, who, after some time, reported that they had sold it to J. F. Kendrick, one of the firm of Crow, Kendrick & Co., and sent a note dated September 6th, 1873, executed by J. F. Kendrick to J. E. Hayner & Co. for $185, which was signed on the back by Crow, Kendrick & Co.; that $24 was paid on it about August 22nd, 1874; that respondents delivered this note to the express agent for collection and witness has not seen the note since, and it was not in the possession of respondents. The appellant objected to this deposition because it tended to prove a different note to the one sued on; that it showed a note made by Kendrick and indorsed by Crow, Kendrick & Co., and not a note made by Crow, Kendrick & Co., as sued on. The court sustained the objection as to that part of the deposition showing a different note, and overruled it as to that part showing the loss or destruction; which, taken with subsequent testimony, proved to be material and competent. Respondents then offered the depositions of Waters and Anderson, agents of the express company, who testified that they had searched for and could not find the note; respondents also offered in evidence the receipt of the express company for said note, as follows: "Adams Express Company, St. Louis Missouri, May 23rd, 1874. $185. Received from J. E. Hayner & Co., for collection, a note on Crow,

Kendrick & Co., at Sullivan Missouri, dated September 9th, 1873, due June 12th, 1874, for the sum of $185, proceeds to be returned to J. E. Hayner & Co. Harper, for the Company." These depositions and receipt were objected to, but we think the objection very properly overruled, as the evidence tended to prove the existence and loss of the note sued on which could be very well considered by the jury. Respondents also offered the deposition of Kendrick himself, who swore to the making of the note by Crow, Kendrick & Co. for the machine; and also offered two letters of Crow, Kendrick & Co. to respondents admitting the sale to Kendrick and inclosing note for the purchase money. But it was admitted on the trial that Kendrick had himself signed these letters and sent them to respondents.

Appellant offered evidence of Breckenridge that Kendrick did all the business of the firm of Crow, Kendrick & Co., and the other partners lived off some distance. Appellant testified in his own behalf that he knew nothing of any such note and had not authorized the payment on it; that it was given by Kendrick in the firm name for his own debt, outside of the legitimate purposes of the partnership; that Kendrick did most of the buying of the firm, and when he wanted goods generally took and charged them to himself.

This was the substance of the evidence in the case, and the issues in the cause were: 1st, Whether or not the firm of Crow, Kendrick & Co. executed the alleged note; 2nd, Whether or not the firm of Crow, Kendrick & Co. made any payment on the alleged note; and 3rd Whether or not the note was lost or destroyed.

The nearest approach to an error by the court seems to have been the exclusion of that part of Root's deposition in which he described a note different from the one sued on; for taken in connection with the rest of his deposition and with the other evidence in the case the excluded clause would have been competent to go to the jury as a circumstance. The whole of Root's deposition taken together

would have been more favorable to the appellant than otherwise, but having been excluded upon the objection of the appellant, he cannot complain. There seems, therefore, to have been no material error committed by the court in the admission of evidence. The instructions seems to have presented the case to the jury in a fair and proper light. That given by the court fairly and fully presented the question on behalf of the appellant, as the converse of the propositions in those given for the respondent. With the evidence and law properly before them, the jury has passed upon the facts, and the finding is conclusive. Although the evidence is somewhat conflicting, yet there seems to be sufficient to support the verdict, which, upon the whole, is for the right party. *Roach v. Colbern*, 76 Mo. 653; *Maddox v. Nelson*, 50 Mo. 256; *Turner v. Gibbs*, 50 Mo. 556.

If the appellant reposed confidence in his partner, respondents must not be made to suffer thereby. Where one of two innocent persons must suffer by the act of a third party, he shall suffer who has been the cause or occasion of the confidence and credit reposed in such third person. Story on Partnership, § 108; *Depew v. Robards*, 17 Mo. 580.

The judgment is affirmed, all concurring.

*A motion for rehearing was overruled.*