MILLER v. THE ST. LOUIS, IRON MOUNTAIN & SOUTH-
ERN RAILWAY COMPANY, *Appellant.*

1. **Railroads**: NEGLIGENCE: ESCAPE OF FIRE FROM ENGINE: PRIMA
FACIE CASE.  A *prima facie* case of negligence, on the part of a
railway company, to provide suitable mechanical contrivances to
prevent the escape of fire from its engine, is made out when it is
shown that fire escaped from such engine, and set fire to plaintiff's
property, and the *onus* is then thrown on the defendant to estab-
lish that, notwithstanding fire did escape, as it sometimes will, the
best mechanical contrivances were supplied by defendant to pre-
vent such an occurrence.

2. ———: ———: ———: DESTRUCTION OF CROPS BY STOCK.
Where fire is negligently permitted to escape from a locomotive
engine, and is communicated from dry material on the right of
way of the company to plaintiff's fence, and destroys the same,
in consequence of which plaintiff's crops are destroyed by stock,
ranging near his lands, notwithstanding reasonable efforts to keep
them out, the railroad company is liable for the destruction of both
the fence and the crops.  It is sufficient, in such case, that the in-
jury is the natural, though not the necessary or inevitable, result
of the negligent fault.

3. **Practice**: INSTRUCTION.  An instruction is properly refused, when
there is no evidence on which to base it.

4. ———: ———.  It is not error to refuse instructions embraced in
those already given.

*Appeal from Stoddard Circuit Court.*—HON. R. P.
OWEN, Judge.

AFFIRMED.

*Geo. H. Benton* for appellant.

(1)  The evidence received to prove, as an element
for damages in this common-law action, the destruction
of plaintiff's crop by cattle and other stock, consequent
upon the negligent burning of the plaintiff's fence, was

incompetent and illegal, and the court erred in permitting proof of the same. *Turner v. Gibbs*, 50 Mo. 556; *Waters v. Brown*, 44 Mo. 302; *Clemens v. Railroad*, 53 Mo. 370; *Peoppus v. Railroad*, 67 Mo. 725; *Clark v. Railroad*, 36 Mo. 202; *Douglass v. Stephens*, 18 Mo. 362; *Kenny v. Railroad*, 70 Mo. 255. (2) The court erred in instructing the jury as requested to do by plaintiff. *Abbott v. Railroad*, 83 Mo. 271; *Benson v. Railroad*, 78 Mo. 504; *Gerren v. Railroad*, 60 Mo. 405; *Washington Mutual, etc., v. St. Mary's*, 52 Mo. 480; *Masheck v. Railroad*, 3 Mo. App. 600; *Glasgow v. Lindell*, 50 Mo. 60; *Hassett v. Rust*, 64 Mo. 325. (3) The court erred in refusing defendant's instructions. *Railroad v. Crawford*, 68 Mo. 80; *Goodrich v. Jones*, 2 Hill, 142; *Velker v. Sherman*, 20 Wend. 639; *Climer v. Wallace*, 28 Mo. 556.

*D. H. McIntyre* for respondent.

(1) The court committed no error in allowing plaintiff to prove the destruction of his crop of corn, in consequence of the burning down of his fence, nor in proving the amount and value of the corn. The evidence showed that the range around the premises was good for stock, and that large numbers of cattle, horses and hogs came into plaintiff's field soon after the fire, and that plaintiff, and other persons in his employ, tried to keep the stock out, and protect the corn, until their efforts ceased to avail anything, and the corn was destroyed. 3 Parsons on Cont. [6 Ed.] pp. 178, 179, 180; *Waters v. Brown*, 44 Mo. 302; *Clemens v. Railroad*, 53 Mo. 366, 370; *Miller v. Mariners' Church*, 7 Greenl. 51; *Eastman v. Sanborn*, 3 Allen, 594. The direct and immediate consequences of the act complained of are to be regarded. *Laker v. Damon*, 17 Pick. 284; *Gray v. Waterman*, 40 Ill. 522. And it makes no difference, that he did not intend the consequent injury. *Vanden-*

*burgh v. Truax*, 4 Denio, 464; 2 Greenl. on Ev. [Redf. Ed.] sec. 254. (2) Plaintiff's instruction did not assume the fact of the existence of dry grass on the defendant's right of way. Plaintiff proved the escape of fire from the locomotive, which made out a *prima facie* case of negligence, which defendant did not attempt to rebut. The question of defendant's liability for the destruction of the corn was fairly submitted to the jury, in an instruction which did not mislead them. *Clemens v. Railroad, supra; Coates v. Railroad*, 61 Mo. 38; *Fitch v. Railroad*, 45 Mo. 322, 327; *Cooper v. Johnson*, 81 Mo. 483. The verdict was for the right party, and the instruction fairly presented the case. *Davis v. Brown*, 67 Mo. 313; and the complaining party was not injured by the instruction. *Rowell v. City of St. Louis*, 50 Mo. 92. (3) Defendant's first instruction could not be given, and the second was too abstract to be of any assistance to the jury. *Kendig v. Railroad*, 79 Mo. 208. The third was properly refused; its place had been fully supplied by an instruction, given for the plaintiff. *White v. Graves*, 68 Mo. 218. There was no evidence upon which to base defendant's fourth instruction, and it was properly refused.

SHERWOOD, J.—The petition in this cause, so far as necessary to copy it, is as follows: "Plaintiff further states, that defendant was the owner, and had possession and control of the premises adjacent to the premises of this plaintiff, and used and occupied the same in running and operating its said road. Plaintiff further states that defendant criminally and negligently permitted and allowed the premises so owned and occupied by themselves, adjacent to plaintiff's, to grow up in grass, and permitted the same to dry and become inflammable matter. Plaintiff further states that, on said first day of September, 1881, at the county of Stoddard and state of Missouri, and at the time defendant was

engaged in running and operating said railroad, the defendant did, by its agents, servants and employes, while running a railroad engine of defendant's, by means of fire as aforesaid, between the town of Poplar Bluff and to and beyond the town of Dudley, in Stoddard county, Missouri, set fire to the fence of plaintiff and the inflammable material, permitted by defendant to grow and become inflammable upon the premises of defendant, at a place near the said town of Dudley, and at a point where the premises of said defendant joined to those of this plaintiff, by sparks of fire escaping from the engine of defendant, run and operated by its agents and servants, and by reason of the neglect and failure of defendant to equip said engine with mechanical contrivances employed and constructed to prevent the escape of fire. Plaintiff further states that, by reason of the fire so kindled, and by reason of the neglect of defendant to remove the said inflammable matter, at the point or place aforesaid, and by reason that the defendant failed to prevent the scattering of fire from its engine, by the use of mechanical contrivances to prevent the escape of fire, his fencing, of the value of one hundred dollars, that enclosed the above described premises, was set on fire by the defendant and burned up, and thereby having his crop exposed and unprotected from destruction by cattle, hogs and other stock. Plaintiff further states that there was at the time, standing and growing upon said premises, forty acres of corn, of the value of three hundred and fifty dollars, all of which corn and property of plaintiff was, by reason of the destruction of said fencing, caused by the neglect of defendant aforesaid, injured and destroyed by cattle, hogs and other stock. Wherefore, plaintiff prays judgment against said defendant, in the sum of four hundred and fifty dollars, and for his costs of suit."

It will be observed that the petition, in substance, charges that the damage done to plaintiff's property re-

sulted from the escape of fire, which escaped by reason of the neglect of the defendant to provide suitable mechanical contrivances to prevent the scattering of fire by its engine, and by reason of the neglect of the defendant to remove the dry grass on its right of way. Under the rulings of this court, a *prima facie* case of negligence on the part of a railway company to provide suitable mechanical contrivances to prevent the escape of fire is made out when it is shown that fire escaped from such engine, and caused the fire in question, thus throwing the *onus* on the defendant to establish that, notwithstanding that fire did escape, as it sometimes will, the best mechanical contrivances were supplied by defendant to prevent such an occurrence. *Fitch v. Railroad*, 45 Mo. 322; *Bedford v. Railroad*, 46 Mo. 456; *Clemens v. Railroad*, 53 Mo. 366; *Coates v. Railroad*, 61 Mo. 38. In the case at bar the proof is direct, that a train of defendant passed, "*strewing fire all along;*" that the fire thus escaping set fire to the grass, and that to the fence, and in some places the fire was not more than two minutes in reaching the fence; that the grass was very dry, and burnt almost like powder, very fast.

There was no evidence offered by defendant showing the use of proper appliances to prevent the escape of fire. And the instruction given on behalf of plaintiff, barring some verbal criticism, put the case fairly enough to the jury. Indeed, it may be said that the plaintiff might well have insisted upon a more favorable instruction; for, under the one given, any negligence of the plaintiff, however slight, whether relating to protecting the premises from fire, or from the depredations of stock, which caused the destruction of the crop of corn, would have precluded a recovery by him. If the defendant desired a more specific instruction on the subject of plaintiff's negligence, one should have been asked, but this was not done.

The chief point of objection, however, which the

defendant takes, is to the doctrine that the company is responsible for the destruction of the crop by cattle, etc. It was in evidence that it was a good stock range around plaintiff's field, and that many horses, cattle and hogs came into the field after the fence was burned, and, in spite of all efforts to keep them out, destroyed the crop before the fence could be re-built. The destruction of the crop of corn, by the stock ranging around the field, after the barrier of the fence was removed by fire, was just as natural a result, and one to be as much expected, as that the fire would destroy the fence in the first instance. Had the fire destroyed the crop of corn, no one would doubt that under our rulings the plaintiff could recover. The case is the same in principle, where the *immediate* result of the fire is to remove the only intervening obstacle between the stock and the crop, as where the *natural* result of such removal is as disclosed by the evidence here.

No one who has ever lived in the country would need to have this view of the subject pressed upon his attention. And it is sufficient if the injury is the *natural*, though not the *necessary* or *inevitable*, result of the negligent fault. Shear. & Redf. on Neg., sec. 596.

In *Kellogg v. Railroad*, 26 Wis. 223, it has been ruled, in a very able opinion by Dixon, C. J., that the maxim *causa proxima*, etc., includes not only liability for all natural and probable injuries having origin in the wrongful act or omission, but such injuries as are *likely*, in ordinary circumstances, to ensue from the act or omission in question. And it has been ruled in England, that it is not necessary to a defendant's liability, *after you have established his negligence*, to show, in addition thereto, that the consequences of the negligence could have been foreseen by him. *Smith v. Railroad*, L. R., 6 C. P. 21 ; and to the same effect is a case in Mas-

sachusetts: *Higgins v. Dewey*, 107 Mass. 494, cited in Whart. on Neg., sec. 20.

The fifth instruction asked for defendant has already been disposed of by remarks made as to the *prima facie* case made by plaintiff, by showing the escape of fire. The fourth instruction asked on behalf of defendant was properly refused, because of no evidence upon which to base it. From all that appears in evidence, the loss of the rails was the loss of the plaintiff. As to the other instructions asked on the part of the defendant, i. e., second and third, so far as proper to be given, they were embraced in the instruction given at plaintiff's instance; and there was evidence sufficient to go to the jury, tending to show that plaintiff used all proper diligence in keeping his crop from being destroyed, and that, owing to the length of fence destroyed, it was scarcely within the bounds of ordinary human achievement, at least without running to an expense more than the crop probably would have been worth, to have guarded it until the fence could have been repaired.

Tested by the authorities cited, the case was tried on the correct theory, and the judgment is accordingly affirmed. All concur.