SCHENK, Respondent, v. FORRESTER, Appellant.

**St. Louis Court of Appeals, November 3, 1903.**

1. **Contract: BREACH: DAMAGES.** In an action for breach of parol lease, wherein lessor agreed to repair and maintain fences inclosing leased premises so as to be secure for plaintiff's stock, the admission of evidence to prove, and an instruction permitting recovery for, an indemnity paid by plaintiff to a third party for damages to the latter's crops, by fugitive cattle from the leased premises, was proper.

2. ———: ———: NOTICE TO REPAIR. Where plaintiff alleged and testified, and the jury under instruction so found by their verdict, that defendant warranted the security of the fence while plaintiff's cattle were upon the pasture, no notice to repair is necessary.

Appeal from Scotland Circuit Court.—*Hon. E. R. Mc-Kee,* Judge.

AFFIRMED.

*Higbee & Mills* and *J. M. Jayne* for appellant.

(1) There was no evidence of any warranty that the fence would prevent the escape of plaintiff's cattle. Wisdom v. Newberry, 30 Mo. App. 241; Fisher v. Goebel, 40 Mo. 476; Tuttle v. Gilbert Mfg. Co., 145 Mass. 169, 13 N. E. 465; 2 McAdam on Landlord and Tenant, (3 Ed.), secs. 385 and 386, page 1244; Ward v. Fagin, 101 Mo. 669. (2) Damage sought to be recovered was not the direct or proximate or unavoidable result of defendant's failure to keep the fences in repair. Fontana v. Schulenburg & Boeckler Lumber Co., 109

Mo. 55; Ploen v. Staff, 9 Mo. App. 309; Turner v. Gibbs, 50 Mo. 557; Clemons v. Railroad, 53 Mo. 366; McAllister v. Railroad, 74 Mo. 361.

*N. M. Pettingill, Smoot, Boyd & Smoot* for respondent.

(1) The cost of repairs is not the measure of damages, where plaintiff has a contract with defendant to repair, and plaintiff relies on that contract. Eagle v. Swaze, 2 Daly 140; Center v. Davis, 39 Ga. 210; Priest v. Nichols, 116 Mass. 401; Hinckly v. Beckwith, 13 Wis. 31; s. c., 17 Wis. 413; Little v. McAdaras, 38 Mo. App. 187; City of Lowell v. Spaulding, 50 Am. Dec. 775; Walker v. Swayzee, 3 Abb. Pr. R. 136. (2) Up to the time plaintiff had notice or knowledge of the condition of the fence in question, he had a right to recover the damages incurred and sued for. Brewster v. De-Fremery, 33 Cal. 341; Sherwood v. Seaman, 2 Bosw. 127. The damages were not too remote or consequential. Miller v. Railroad, 90 Mo. 394; Adams v. Railroad, 100 Mo. 567; Glickauf v. Maurer, 75 Ill. 289, 20 Am. Rep. 238, 50 Am. Dec. 782; Campbell v. Portland Sugar Co., 62 Me. 552, 16 Am. Rep. 510; Wood's Land. and Ten., sec. 378; Riley v. Pettis Co., 96 Mo. 318. (3) Where the defendant covenanted to repair and keep in repair, and knew at the time the purposes for which the premises leased were to be used, it was his duty to keep them in such state of repairs as the business for which they are to be used requires. Myers v. Burns, 35 N. Y. 269; 3 Sutherland on Damages, p. 167.

REYBURN, J.—This is an action instituted by plaintiff, the tenant, against defendant, his landlord, for damages claimed to have been sustained by the breach of a parol contract for the renting of pasture lands.

The final amended petition contained three counts, but at the trial the court sustained appellant's demurrer as to the first and third counts of the petition, and instructed the jury to find a verdict for the defendant upon those counts, and the trial proceeded before a jury on the second count, the substantial allegations of which are as follows: That on the twelfth day of July, 1900, defendant contracted with plaintiff to lease the latter the pasturage on lands described, for the remainder of the season, knowing the plaintiff desired to use the pasturage for his cattle, and for such use the plaintiff paid $150; that as part of the consideration defendant agreed to repair the fence around the rented premises, put them in such condition as to be secure for stock, and maintain them in such condition while plaintiff used the premises, and on the faith of such promise the plaintiff accepted the use of the premises, paid the rental and turned one hundred head of cattle therein, but that the defendant had failed to repair the fence between such lands and the land of one Garrison, adjoining; that defendant's part was rotted and decayed and not sufficiently repaired by him to turn stock, nor did he keep it in repair, and by reason of such defects and failure to repair as agreed, the stock of plaintiff broke into Garrison's fields and damaged his growing crops in the sum of $65, for which sum, plaintiff being compelled to pay Garrison, plaintiff asked judgment.

The answer of defendant consisted of a general denial of each count of the petition.

1. The testimony tended to establish that early in the month of July, 1900, plaintiff and defendant entered into negotiations for the tenancy of the pasture, and together they visited and inspected the pasture, fencing and water gap, and the verbal agreement for the tenancy of the pasture lands for the season of 1900 ensued, the fencing and water gap were repaired by the defendant, the rental paid and possession taken by plaintiff by turning in about one hundred head of cat-

tle; that about the beginning of September a deadened tree, which had been in use as a post, had fallen across the fence between the rented lands and those of L. F. Garrison, the neighbor adjoining, and that plaintiff's cattle escaped into the cornfield of Garrison and injured the crop, for which the plaintiff had paid Garrison $38.50. The defendant objected to the testimony offered on behalf of the plaintiff, relative to the damage to Garrison's crop by the cattle, as not being the proper measure of damages, but the objection was overruled and testimony admitted by the court.

The proper measure of damages recoverable by plaintiff was such injury as naturally flowed from the breach of the contract and was restricted to such loss as was the direct, immediate, proximate and unavoidable consequence of the impaired condition of the fencing. The case of Wisdom v. Newberry, 30 Mo. App. 241, presented a state of facts analogous to the condition disclosed herein and it is held therein that the injury caused by escaping cattle to the neighbor's corn was not a proper element of damages. The case of Turner v. Gibbs, 50 Mo. 556, as well as the earlier decision of Fisher v. Goebel, 40 Mo. 475, are authorities to the same effect. In Miller v. Railway, 90 Mo. 389, where fire, charged to have been negligently permitted to escape from defendant's locomotive, communicated to inflammable materials accumulated on its right of way and thence to plaintiff's fencing, which was destroyed, and in consequence plaintiff's crops were injured by intruding stock ranging near his lands, the railway was held liable for such damages, the court declaring; "The chief point of objection, however, which the defendant takes, is to the doctrine that the company is responsible for the destruction of the crop by cattle, etc. It was in evidence that there was a good stock range around plaintiff's field, and that many horses, cattle and hogs came into the field after the fence was burned, and, in spite of all efforts to keep them out, destroyed the crop

before the fence could be re-built. The destruction of the crop of corn, by the stock ranging around the field, after the barrier of the fence was removed by fire, was just as natural a result, and one to be as much expected, as that the fire would destroy the fence in the first instance. Had the fire destroyed the crop of corn, no one would doubt that under our rulings the plaintiff could recover. The case is the same in principle, where the *immediate* result of the fire is to remove the only intervening obstacle between the stock and the crop, as where the *natural* result of such removal is as disclosed by the evidence here." Controlled therefore by this later expression of the Supreme Court, the theory upon which the present case was submitted to the jury in the admission of testimony and the instruction permitting recovery for indemnity paid by plaintiff to Garrison for damages to the crops of the latter by the fugitive cattle, was proper.

2. The plaintiff charged in the count of the complaint upon which the trial was had, that defendant had knowledge of the purposes for which plaintiff rented the land and that the contract of tenancy embraced the agreement by defendant to maintain the fences in such condition as to be sufficient to turn stock. The plaintiff testified to this version of the compact but the defendant controverted such understanding. If the claim of plaintiff was predicated on the mere agreement to repair by defendant, the contention of his counsel that he was entitled to notice to repair and a reasonable time in which to comply with the obligation would be entitled to consideration, but the plaintiff in effect charged in his petition and testified, that defendant warranted the security of the fence while plaintiff's cattle were upon the pasture and the jury under the instructions of the court so found by their verdict. The instructions asked by the defendant and refused were defective in not responding to the issues joined by failing to submit to

the jury the terms of the contract as averred by defendant in testifying on his own behalf.

The case was fairly presented to the jury, and the judgment is affirmed. *Bland, P. J.,* and *Goode, J.,* concur.