**CHICAGO, R. I. & G. RY. CO. v. WORD.**

(Court of Civil Appeals of Texas. Amarillo. May 31, 1913. Rehearing Denied June 21, 1913.)

1. DAMAGES (§ 112*)—MEASURE—DESTRUCTION OF GRASS IN PASTURE.

In an action for damages caused by the negligent burning of grass in a pasture, the plaintiff is not limited to a recovery for the value of the grass, but may also recover for the expense of feeding the cattle pastured thereon, if made necessary by the burning of the grass, since such an expenditure was required on his part to prevent a greater damage by reason of the depreciation in the value of the cattle.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 281–283; Dec. Dig. § 112.*]

2. DAMAGES (§ 20*)—PROXIMATE CAUSE OF LOSS—ANTICIPATED INJURY.

A party injured by the negligent act of another is entitled to recover such damage as will compensate him for the injury if it might have been foreseen by the exercise of reasonable care that the injury, or some like injury, would have resulted from the negligent act.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 55–57; Dec. Dig. § 20.*]

3. TRIAL (§ 260*)—INSTRUCTIONS—REQUESTS—INSTRUCTIONS ALREADY GIVEN.

In an action to recover the cost of feeding cattle after their pasture had been negligently burned by the defendant, where the court instructed the jury that they should consider only the amount of feed necessary on account of the grass that was burned, and not the cost of the feed that would have been necessary if the fire had not occurred, it was not error to refuse a requested instruction that the plaintiff could not recover if he would have fed the cattle the same amount and been to the same expense if there had been no fire, since that was sufficiently covered by the instruction given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Potter County; J. N. Browning, Judge.

Action by C. T. Word against the Chicago, Rock Island & Gulf Railway Company. Judgment for the plaintiff, and defendant appeals. Affirmed.

Gustavus & Jackson, of Amarillo, and N. H. Lassiter and Robt. Harrison, both of Ft. Worth, for appellant. W. Boyce, of Amarillo, for appellee.

HUFF, C. J. The appellee, Word, obtained judgment against appellant, the Chicago, Rock Island & Gulf Railway Company, in the district court of Potter county for the sum of $918. The cause of action was based upon the burning of grass on the 22d day of February, 1909, alleged to be in appellee's pasture, containing six sections of land, where he held 500 head of cattle to winter. It is alleged, among other things, that there was a fine coat of grass in the pasture, and that the same had not been pastured in the previous summer and fall, but was held for winter pasture, and that a few days previous to the fire appellee had turned 500 head of cattle into the pasture, and that the grass would have furnished ample spring and winter pasturage for the cattle, all of which facts were or should have been known to the appellant. And further alleged: "(4) That, as above stated, the plaintiff had saved said pasture to be used as a winter pasture, and had just turned 500 head of cattle therein for the purpose of wintering them on the grass; that said grass, on account of not having been grazed during the previous season was in fine condition, and that but for said fire his 500 head of cattle would have wintered in good shape in said pasture without the necessity of feed; that on account of the destruction of said grass there was not remaining in said pasture sufficient grass to winter said cattle, and the use of said pasture for grazing purposes was greatly impaired on account of the burned areas of land extending through the same, necessitating the cattle, when moving from place to place therein, to walk over considerable distances without anything on which to graze, which is not good for cattle, and which condition greatly reduced the value of the pasture remaining unburned as aforesaid; that by reason of the burning of said grass and the injuring of said pasture it was necessary for the plaintiff, in order to properly winter his said cattle, to feed them during the balance of the winter and until the coming of grass in the spring; that it was necessary to begin feeding said cattle immediately after the fire, and continue feeding them until about the 18th day of April, a period of

about 55 days; that during said time plaintiff fed said cattle about 27½ tons of cotton seed cake, which was of the reasonable market value of the sum of $28.76 per ton, and that is what it cost the plaintiff; that plaintiff was at an expense of about $5 per day for the hire of men and teams to feed said cattle, so that plaintiff was out a total expense of about the sum of $1,065.90 for the feeding of said cattle during said time; that said expenses were reasonable and made necessary by the wrongful acts of said defendant in burning said grass; that said cattle, notwithstanding said feeding, did not winter in any better condition than they would have wintered but for said fire, and that by reason of the premises the plaintiff has been damaged in the said sum of $1,065.90, with interest thereon at the rate of 6 per cent. per annum from February 22, 1909. (5) That said grass at the time and place stated had no market value, that the reasonable value of the same to the plaintiff at the time and under the circumstances was the sum, to wit, of $1,065.90."

The facts established by the jury are that appellee, C. T. Word, had about six sections of land fenced in a pasture to itself, about 2,000 acres of grass therein was destroyed by fire, negligently communicated by one of appellant's passing engines, February 22, 1909. The land was leased at about six cents an acre. Appellee had in this pasture 500 head of 2-year old heifers. By reason of the burning of the grass, it was necessary for appellee to feed the cattle in such pasture, and by reason thereof he did feed the cattle cotton seed cake, of the market value as found by the jury, and other expenses in feeding the same. The evidence is sufficient to support the amount found by the jury. The appellee did not at that time have other pastures into which he could turn the cattle, and there were no other pastures which could be leased at that season of the year in that part of the country. The lands were leased by the year, and the lease was made to expire in July of each year. Cotton seed was about the cheapest feed that he could obtain at that time. The expenses in feeding the cattle were reasonable and necessary, and were proximately caused by the negligent burning of the grass by appellant. The market value of the leased land was about six cents per acre when they were leased, but the evidence is sufficient to support the finding that there was no market value at that time of the year. Appellant's road ran through a pasture country in a mile or so of the pasture in question, and the fire was communicated from the passing train of appellant to land adjacent to its road, and thence on to the particular pasture lands in question. The pasture at that time was stocked with cattle, dependent on the grass for sustenance, and up to the time of the fire had not been fed. The trial court submitted to the jury the following charge on the measure of damages: "If under the foregoing instructions you find for the plaintiff, and you further find that as a proximate result of the burning of the grass in the plaintiff's pasture it became and was reasonably necessary for him to furnish feed, and that he did furnish feed, to the cattle owned by him in said pasture in order to avoid greater loss and damage thereto, and in order to winter them, then you will find for the plaintiff as damages such sum of money as you believe from the evidence it was reasonably necessary for him to pay for and did pay out for feed for said cattle with the reasonable and necessary expenses incurred by him in feeding and caring for said cattle in order to winter them, together with 6 per cent. interest thereon from the 22d day of February, 1909."

[1, 2] Appellant assigns error in this charge, which is presented by the first assignment. Under this assignment, appellant presents the proposition: "The charge is error because the plaintiff was not entitled to recover the amount that was necessary for him to pay out for feed for the cattle which he did pay, but his proper measure of damages was the value of the grass destroyed." It may be stated as a general rule that the value of the grass destroyed is the measure of damages; but we think, if the wrongful act caused other damages, that also may be recovered. If injury accrues from a negligent act, the damages which the injured party is entitled to recover are such as will compensate him for the injury as might reasonably have been anticipated under the circumstances, such as in the usual and ordinary course of events would have been expected. The exact injury need not have been anticipated, nor the particular manner in which it occurred, if by the exercise of reasonable care it might have been foreseen that some like injury would have occurred. Railway Co. v. McKinsey, 78 Tex. 298, 14 S. W. 645, 22 Am. St. Rep. 54; Seale v. Railway Co., 65 Tex. 278, 57 Am. Rep. 602; T. & P. Ry. Co. v. Carlin, 111 Fed. 777, 49 C. C. A. 605, 60 L. R. A. 462; Railway Co. v. Bingham, 90 Tex. 223, 38 S. W. 163; 29 Cyc. 495; Sutherland on Damages (3d Ed.) §§ 12–16; Serafina v. Railway Co., 42 S. W. 142; Miller v. Railway Co., 90 Mo. 389, 2 S. W. 439; Highland v. Railway Co., 65 S. W. 649. Appellant's road ran through a pasture stocked with cattle. The destruction of the pasture upon which the cattle fed in the ordinary course of nature required that the sustenance of the cattle so destroyed be supplied or the cattle would depreciate or become a total loss. It became the duty of appellee to avoid the greater loss; and, if in doing so he incurred reasonable and necessary expense, he was entitled to recover for such expense. Railway Co. v. Keith, 74 Tex. 287, 11 S. W. 1117; Railway Co. v. Tuckett, 25 S. W. 670; Railway Co. v. Philips, 63 Tex. 593; Buffalo B. S. C. Co. v. Milby; 63 Tex.

492, 51 Am. Rep. 668. We think that the damages sustained were proximately caused by the negligent burning of the grass upon which the cattle subsisted. This damage could have been or should have been anticipated or at least a similar damage foreseen. Buffalo B. S. C. Co. v. Milby, 63 Tex. 492, 51 Am. Rep. 668, and authorities cited, supra. The case of Enlow v. Hawkins, 71 Kan. 633, 81 Pac. 189, was one in which Hawkins sued Enlow for the shrinkage of cattle and consequent damages occasioned by the destruction of certain shocks of corn which Hawkins had purchased from Enlow to feed 500 head of cattle, and it was held in that case the shrinkage of the cattle were the direct and immediate consequences of Enlow's act, and one which could have been reasonably anticipated. That court cites the case of Hoge v. Norton, 22 Kan. 374, which latter case was decided by Judge Brewer, and appears to be a suit in damages for the failure of the cattle to make the growth and increase in weight which cattle would ordinarily make if left upon a range to which they wonted free from worry with good feed and water, such as they had on the ranch where they had been previously kept. They had been moved to an inferior range by the wrongdoer. It was there held that the loss sustained was the direct result of the wrongdoer and was so certain in character as to be susceptible of measurement. In the Enlow Case, supra, the court said, in speaking of that case: "There the cattle were wrongfully taken from their accustomed feed, and here the accustomed feed was wrongfully taken from the cattle." So it may be said in this case the accustomed feed and that provided was taken from the cattle in question. They would suffer loss by poverty if not properly fed; and unless that sustenance was supplied, clearly if such loss had occurred, appellant would have been liable therefor. This was prevented by appellee procuring other feed. Why should appellant escape such additional expense in procuring it, if reasonable and necessary? The court in the Enlow Case held: "It was the duty of Hawkins to arrest or reduce the loss consequent on the wrong of Enlow, and the testimony tends to show that he procured the best feed that could be had in that region." In this case the evidence tends to show grass at that season of the year could not be obtained in that country, and therefore it became a question of fact for the determination of the jury, whether the expenses incurred were reasonable and necessary. Sutherland on Damages (3d Ed.) § 28; Gilbert v. Kennedy, 22 Mich. 117; Cossgriff v. Miller, 10 Wyo. 190, 68 Pac. 206–214–216, 98 Am. St. Rep. 977; McAfee v. Crofford, 13 How. (U. S.) 448, 14 L. Ed. 217. In the case of Cossgriff v. Miller, supra, it is said at page 234 of 10 Wyo., at page 216 of 68 Pac.: "The evidence of plaintiff, together with the fact that the other ranges in the vicinity were occupied,

rendered it clear, if accepted by the jury, that the expense of feeding hay was the direct result of the trespass; and such expense was admissible, we think, under the general allegations of actual damage caused by grazing the grass off of the plaintiff's pasture ground." The rule in torts as a general thing is governed by the same principles as to compensation as that upon the breach of a contract. Wilson v. Manning, 35 S. W. 1079–1080; Sutherland on Damages (3d Ed.) § 104. Applying the rule to breach of contract, we refer to the cases asking and given for damages in expenses, etc., to prevent injury to cattle under a breach of the contract. Waco Artesian Water Co. v. Cauble, 19 Tex. Civ. App. 417, 47 S. W. 538; Hardin v. Newell, 40 S. W. 331; Buck v. Morrow, 2 Tex. Civ. App. 361, 21 S. W. 398. The question was one for the jury to determine whether or not the damages claimed in this case was the proximate result of the negligence alleged. If they, under the evidence, found such damages were caused proximately by the negligence of appellant, we think the verdict should not be disturbed. Jones v. George, 61 Tex. 345, 48 Am. Rep. 280; Buck v. Morrow, 2 Tex. Civ. App. 361, 21 S. W. 398. In Jones v. George, supra, the court in discussing the measure of damages, and as to the proximate cause in a breach of contract, decides therein that the rule applicable to a breach of contracts is also applicable to torts, quoting from Calvit v. McFadden, 13 Tex. 327, with approval, in which case Judge Wheeler stated the rule: "It must have appeared also that the loss was incidental to and caused by the breach of the contract and was such as may reasonably be supposed to have entered into the contemplation of the parties contracted." It will be found that Judge Stayton in Jones v. George, supra, has collated and discussed the rule as applied to various circumstances, and as we view this case is valuable as bearing upon the facts presented by the record herein. The damages which the court authorized the jury to find were not speculative, but reasonable and necessary for feed to said cattle by reason of the burning of the grass, and that such feed was the proximate result of the burning of the grass. We overrule the first assignment, and for the reasons stated above overrule the second assignment.

[3] The third assignment complains at the action of the court in the refusal of requested instruction No. 9, to the effect, if the appellee would have fed his cattle, the amount of feed that was given them and would have been out the same expense for men, etc., appellee could not recover. At the request of the appellant, the court gave the following charge: "You are instructed that in the event that you find that the defendant railway company negligently set out the fire described in plaintiff's petition, and that such fire spread to and burned off the grass on a portion of the land and premises inclosed, and

held by plaintiff, and that on account thereof plaintiff was required to feed his cattle, then being pastured on said lands and premises to prevent damage and injury to them in making up your verdict, you will take into consideration only the amount of feed given to and necessary for the care and protection of said cattle on account of the grass that was burned; and you will not consider the cost of feed that plaintiff would have given said cattle if such fire had not occurred, or for any feed given said cattle on account of the condition or severity of the weather occuring after such grass was burned." From the testimony the jury could have found the cattle did not winter any better with cotton seed cake fed them than they would have wintered on the grass. The facts also show that appellee fed his cattle through February and March but the cake he fed to the cattle on the grass, and that, when there was no grass, he had to round up the cattle, which was injurious to them. The appellee stated the particular 500 head in the pasture he could not state were benefited by being fed on cake, as he did not intend to market them in the spring. The evidence shows that there was no grass to be had for these cattle in that country, and that it was necessary to feed them, and it is further shown that after the burn there was not enough grass in the pasture to carry them without feed; that they would have gotten poor and some of them would have probably died. We think the charge given sufficiently instructed the jury as to feed for which appellee was entitled to recover. We find no error in refusing the charge.

The fourth assignment is overruled for the reasons heretofore given. We think no error is shown by the refusal of the fourteenth special instruction, and we therefore overrule the fifth assignment.

The sixth, seventh, eighth, ninth, tenth, and eleventh assignments are overruled. We think the questions raised by these assignments have been sufficiently noticed under the first assignment and under the statement of the case.

We find no such error in the judgment of the trial court to require a reversal of the case, and it is therefore affirmed.