### LONGNECKER v. WARD COUNTY WATER IMPROVEMENT DIST. NO. 3.
#### (No. 1534.)

(Court of Civil Appeals of Texas. El Paso. June 7, 1923.)

**1. Injunction ⊖144—Issuance of temporary writ requiring delivery of proportionate share of irrigation water held warranted by petition.**

A petition for mandatory injunction requiring an incorporated water improvement district to deliver, to plaintiff, without discrimination, her proportionate share of available water, *held* to aver all facts material to such right under Vernon's Ann. Civ. St. Supp. 1922, art. 5107—95, and to warrant the relief prayed for; the fact that it contained no allegation that water was available, or that the district itself was involved in litigation with other districts to determine the respective rights to waters of a certain river, being insufficient to warrant denial of a temporary writ.

**2. Evidence ⊖10(5)—Courts judicially know water for irrigation available from Pecos river.**

Courts will take judicial notice of the fact that water for irrigation would be available from a river of the size and importance of the Pecos river.

Appeal from District Court, Ward County; Chas. Gibbs, Judge.

---

Petition by M. A. Longnecker for mandatory injunction directed against the Ward County Water Improvement District No. 3. From an order refusing a temporary writ, petitioner appeals. Reversed and rendered.

John B. Howard and T. F. Slack, both of Pecos, for appellant.

H. G. Russell, of Pecos, for appellee.

HARPER, C. J. This is an appeal from an order refusing a temporary writ of injunction upon presentation to the district judge, in chambers, of the plaintiff's amended petition, filed May 8, 1923, containing the following allegations:

That plaintiff, M. A. Longnecker, is a citizen of Ward county, Tex. Defendant, Ward county water improvement district No. 3, is a public corporation organized under title 73, c. 2, Revised Civil Statutes of Texas, for distributing water for irrigation; and owns and operates a system of canals.

That P. O. Pierce, P. Maulding, Alva Fulgim, Tom Jenson, and Vernon Majors are its directors.

That plaintiff is the owner of lands in said district, describing same, subject to be irrigated therefrom in proportion to its number of acres; that all lands composing said district have been supplied with water during the years 1922 and 1923, save and except your petitioner's lands described herein.

That all assessments due, taxes, fees, and costs up to the present time, have been paid.

That 37 acres of her said land are in cultivation and which she proposes to cultivate during the year 1923. That unless she is supplied with the proportionate part of the available supply of water through the defendant's system, she will be unable to have her said land planted, thereby be deprived of the fruits and revenues thereof.

"(3) That on or about the 1st day of February, 1923, plaintiff furnished to Mr. J. W. Dresser, secretary of the board of directors of said defendant district, a statement in writing of the acreage intended by her to be put under irrigation and for which water was to be used and the kind of crops that were to be planted during said year and at the same time paid her proportionate part of the water charge as was required by the rules and regulations of said water improvement district No. 3."

"(16) Your petitioner charges that the ditches, laterals, and canals on her said lands are in good condition, that is, water can be delivered to her lands from the said district system without loss or waste; and that such district has one of its main canals adjacent to this petitioner's land, and can deliver water to them without loss, or waste, and without injury to any other land near, or person entitled to water in said district, but that the said district has disregarded her legal and equitable rights and refused and failed to deliver or turn her water as she is legally entitled to, and is causing her great and irreparable injury, in that your petitioner has such lands rented for the purpose of planting cotton, and with the ordinary irrigation on such lands, should make from a bale to two bales of cotton per acre, and will make same in the event this petitioner gets her proportionate part of water to irrigate same that she is entitled to."

"(13) Your petitioner further charges that the officers, directors, and employees of said district have often been requested by this plaintiff to supply her said land with the proportionate part of the available water upon each irrigation that has been and which is still being delivered through its said system of canals, and that they have refused and still refuse to deliver to this petitioner any water, to her irreparable injury and great damage.

"(14) Plaintiff further says that defendant, Ward county water improvement district No. 3, by and through its officers and directors, to wit, P. O. Pierce, P. Maulding, Alva Fulgim, Tom Jenson, and Vernon Majors. notwithstanding the fact that they have often been requested by this plaintiff to supply her said lands with the proportionate part of the available water that has been, and which is still being, delivered through its said system, they have refused and are still refusing to deliver to her said lands any water, to her irreparable injury and great damage."

"Wherefore, premises considered, plaintiff prays that there be issued in this cause a writ of mandatory injunction commanding the defendant, Ward county improvement district No. 3, and its officers and directors, to wit, P. O. Pierce, P. Maulding, Alva Fulgim, Tom Jenson, and Vernon Majors, and the employees thereof, to deliver to plaintiffs said land in its turn and without discrimination the proportionate part of the available supply of water which is delivered through defendant's system and upon final hearing hereof this mandatory injunction be made perpetual."

No notice of this petition to defendant, no answer, and no hearing.

Appellant relies upon subdivision 95 of article 5107, Vernon's Ann. Civ. St. Supp. 1922. This provides:

"Every person desiring to receive water during the course of the year, or at any time during the year, shall furnish to the secretary of the board of directors a statement in writing of the acreage intended by him to be put under irrigation, and for which water is to be used, and as near as may be, a statement of the several crops to be planted, with the acreage of each, and shall at the same time pay such proportion of the water charge or assessment therefor as may be prescribed by the board of directors. If such statement should not be furnished, or such payment shall not be made before the date for fixing the assessments, there shall be no obligation upon the district to furnish such water to such person for that year."

[1] This petition contains all the necessary allegations to authorize the issuance of the injunction, as prayed for.

[2] Appellee suggests that before a mandatory injunction will issue pending trial that the petition must negative the existence of such facts as would defeat her right to water, and in this respect asserts that it does not allege that there was available wa-

ter: The court should take judicial knowledge of the fact that water will be available from a stream of the size and importance of the Pecos River.

It is next urged that cause No. 1804, between district No. 1 and district No. 3, and all landowners within these districts is pending before the Supreme Court of Texas, upon appeal, and that the rights of plaintiff are being litigated in that suit; therefore the application should have been made to that court instead of the district court for relief.

The pending action is between the two districts, and the individuals, owners of lands within either, were made parties because of their interest in the waters of the Pecos river, which was by the decree to be apportioned to the districts for delivery to such individuals by them.

In other words, to determine the amount of water each district should have for distribution, and it is clear that it did not involve the question of the rights of individuals to have water delivered to them nor the amount to which each was entitled, and this court so held in the following words:

"The court did not err in excluding water right contracts between appellees and the owners of lands served under its system. There is no question of individual water rights involved in this suit." 237 S. W. 584.

The question of the rights of individuals to water as against the district is controlled by the statute, part of which is quoted above. And a claim for water presupposes the fact that water is then under control of the district for distribution. Hence the court erred in refusing the writ; it will, therefore, be issued by this court in all things as prayed for.

Reversed and rendered, as indicated.