G. PORTIER v. M. F. FERNANDEZ AND OTHERS.

A party against whose property a writ of sequestration has been wrongfully sued out is not confined to his action on the sequestration bond, in order to recover his damages; but may sue the persons at whose instance the writ was issued, and who, irrespective of the bond, are liable for the damages; and if the plaintiff, in pursuing this latter remedy, has improperly joined other persons as defendants, his dismissal of these from the suit does not entitle those against whom it was properly brought to have it dismissed as to them.

APPEAL from Galveston. Tried below before the Hon. George E. Mann.

The opinion states the case as presented by the record. The petition was filed in the county court in January, 1870, while that tribunal was still exercising the civil jurisdiction conferred upon it under the Constitution of 1866.

*L. E. Trezevant*, for the appellant, cited Shipman v. Allee, 29 Texas, 17; 2 Hilliard on Torts, 292.

No brief for the appellees.

OGDEN, J.—The record in this cause is almost unintelligible, and we have to deal largely in assumptions and presumptions, in order to arrive at any definite conclusion as to the action of any court, and in what court such action, if any, was had. It may, however, be assumed, with some degree of certainty, upon an inspection of the record sent up here, that the appellant instituted suit in the county court against the appellees and others, for damages sustained by appellant by reason of appellees' wrongful suing out a writ of sequestration against his property; that the suit was originally brought against the appellees and others, but that, in coming into court, it was discovered that some of the parties were improperly made defendants, and the suit was properly dismissed as to them, but prosecuted to judgment against the appellees, who alone sued out the writ of sequestration. There appears to have been two verdicts in the county court, one giving the plaintiff one hundred dollars damages, and the other one hundred and fifty dollars. But the record fails to inform us why two verdicts were given, or what was done with the first; but upon the latter verdict a judgment was entered by the court, from which an appeal was taken to the district court.

From the very imperfect record, it is impossible to

distinguish, with any degree of certainty, the action of the county court from that of the district court. But it is presumed that a motion was filed in the district court to dismiss the suit so far as the appellees were concerned, because the same had been dismissed, on motion of plaintiffs below, as to T. W. Johnson. The motion was sustained and the cause was dismissed, and from the judgment of the district court an appeal was taken to this court. We are most clearly of the opinion that the court erred in sustaining the motion to dismiss. The appellees sued out the writ of sequestration in the justice's court, and they alone were responsible for any and all damages which resulted from a wrongful suing out of the same. It is true that suit might have been brought upon the sequestration bond, and the securities of appellees held responsible with them for the damages. But appellant had the choice to sue them individually if he saw proper; and if, through a mistake or otherwise, the constable who served the writ, or any other improper party, was made defendant with them, he had a right to dismiss the suit as to such improper party, and appellees had no right to complain. For the errors here indicated, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.