THE SAINT LOUIS, ARKANSAS & TEXAS RAILWAY COMPANY v. E. A. McKINSEY.

No. 2862.

1.   **Proximate Cause—Burning a Pasture Fence.**—It should be presumed that the owner of a pasture would use it for all purposes to which such enclosure is adapted. A railway company by negligence burning a pasture fence would be liable for the value of horses escaping from the pasture from such destruction of the fence and lost to the owner, nor would the liability be lessened or avoided by its ignorance of the fact that the horses had been brought recently from a distance and were likely to stray off.

2.   **Judgment for Damages for Value of Property Passes Title.**—A judgment for the value of horses lost to the owner by negligence of the defendant of itself passes title to the horses to the defendant becoming liable for their value.

APPEAL from Hopkins.    Tried below before Hon. J. A. B. Putman. The facts are given in the opinion.

*Perkins, Gilbert & Perkins,* for appellant.—1.   The court erred in holding that "the destruction of the pasture fence by negligence of appellant was the proximate cause of the loss of the horses, and said loss was the natural and probable result to be expected from the destruction of the fence."

2.   In order to warrant a finding that negligence is the proximate cause of an injury it must appear that the injury was the natural and probable consequence of the negligence, and that it ought to have been foreseen in the light of the attending circumstances.   Where there is negligence and an injury following it, but there is also an intermediate cause disconnected from the negligence, and the operation of this cause produced the injury, the person guilty of the negligence can not be held responsible for the injury.   Seale v. Railway, 65 Texas, 277;  Brandon v. Mfg. Co., 51 Texas, 126;  Jones v. George, 61 Texas, 352;  13 Texas, 324;  McAllen v. Tel. Co., 70 Texas, 245;  Railway v. Kellogg, 4 Otto, 475;  Pullman Co. v. Banker, 4 Col., 344.

3.   Where a party commits an act of negligence the result of which makes it possible for an agency to act, and such action is not known by common experience to be usually in sequence, but the action of this sub-

sequent agency produces damage, the negligence and the damages are not sufficiently conjoined as cause and effect to support an action.    Seale v. Railway, 65 Texas, 277; Add. on Torts, secs. 10, 1385; Cool. on Torts, 70; Daniels v. Ballantine, 23 Ohio St., 532; Lewis v. Railway, 23 Am. Law Reg., 604; Cuff v. Railway, 35 N. J. Law, 30; Schules v. Railway, 21 Law T. Rep., N. S., 835; Railway v. Reeves, 10 Wall., 176.

No brief for appellee.

ACKER, PRESIDING JUDGE.—E. A. McKinsey purchased two horses on the 13th day of November, 1887, then recently driven from Southwest Texas, and put them in his pasture through which the St. Louis, Arkansas & Texas Railway Company in Texas operated its railroad.    Three days thereafter the railway company negligently set fire to the pasture fence and destroyed it, and the horses escaped.    After several months' diligent search through Hopkins and adjacent counties McKinsey failed to find his horses, and brought this suit against the railway company to recover their value.

The trial without a jury resulted in judgment for plaintiff for $150, the alleged value of the horses, and the railway company appealed.

By the first assignment of error the appellant complains that the court erred in its conclusion of law that the destruction of the pasture fence was the proximate cause of the loss of the horses.

It is not denied that the fence was destroyed by the negligence of the defendant nor that the horses thereby escaped, but it is contended that the court having failed to find that appellant "had any notice of the character or kind of horses in the pasture," it would not be liable for damage resulting from the loss of the horses in consequence of their having been recently driven from a remote part of the State.

The general rule is, " When a defendant has violated a duty he should be held liable to every person injured whose injury is the natural and probable consequence of the misconduct, and that the liability extends to such injuries as might reasonably have been anticipated under ordinary circumstances as the natural and probable result of the wrongful act." Seale v. Railway, 65 Texas, 278.

As to what character of intervening act will break the causal connection between the original wrongful act and the injury, and thereby relieve the wrongdoer of liability for the injury, it is said, " If the intervening cause and its probable or reasonable consequences be such as could reasonably have been anticipated by the original wrongdoer, the current of authority seems to be that the connection is not broken."    65 Texas, 278.

We think it should be conclusively presumed that the defendant had notice that the plaintiff would use the pasture for all purposes to which such property is adapted, and we think that it might have been reasona-

bly anticipated that he would put into it stock that would be likely to stray off but for the fence. Such was the use that plaintiff was making of the pasture in putting the horses into it. Having purchased the horses, the natural and ordinary disposition of them was to put them in the pasture. The fact that they had been driven from a remote quarter may or may not have been instrumental in their loss, but certain it is that if the fence had not been destroyed they would not have had opportunity to indulge their propensity to wander off. We do not think that the court erred in the conclusion that the destruction of the fence was the proximate cause of the loss of the horses.

The second and only other assignment of error presented is, "The court · erred in rendering judgment for the full value of the horses without retaining title to them, or by some other proper order protecting the appellant in the event the horses are found," etc.

When the appellant pays the judgment the title to the horses passes to it by operation of law independent of any such provision in the judgment, and relates back to the date of the judgment, since which time the horses have in contemplation of law belonged to the defendant. Freem. on Judg., sec. 237.

We find no error, and are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*

Adopted October 28, 1890.