## GARLINGTON v. COTTEN.
### (No. 1646.)

(Court of Civil Appeals of Texas. Texarkana. June 29, 1916. On Motion for Rehearing, Oct. 5, 1916.)

1. SEQUESTRATION ☞21—WRONGFUL ISSUANCE OF WRIT—PLEADING.

In a counterclaim for wrongful issuance of writ of sequestration, the allegations that the writ was issued because the party who sued it out desired to prevent a sale by the defendant and to secure the profit from such sale for himself are not as to too remote damages, but, being on the issue of exemplary damages, are proper.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 50–54; Dec. Dig. ☞21.]

2. SEQUESTRATION ☞21 — EXCESSIVE DAMAGES.

Where goods were damaged by rain to the amount of $75, and the owner lost the use of land of the value of $150, and while he was out of possession the land was damaged between $500 and $1,000 in value, a verdict of $400 as actual damages for wrongful issuance of writ of sequestration was not excessive.

[Ed. Note.—For other cases, see Sequestration, Cent. Dig. §§ 50–54; Dec. Dig. ☞21.]

Appeal from District Court, Henderson County; John S. Prince, Judge.

---

Action by J. W. Garlington against W. T. Cotten and J. H. Harrison and another. Judgment for plaintiff against all defendants, and for defendant W. T. Cotten on his counterclaim against plaintiff, and J. W. Garlington appeals from so much of the judgment as is adverse to him. Affirmed. On motion for rehearing. Motion granted, judgment set aside, and judgment rendered reforming the judgment, and the judgment as so reformed, affirmed.

In 1906 appellant sold and conveyed a tract of land in Henderson county to J. H. Harrison, in consideration, in part, of the latter's four promissory notes for $200 each, payable, respectively, January 1, 1909, 1910, 1911, and 1912. In October, 1911, Harrison sold and conveyed the land to appellee and his son T. M. Cotten, who afterwards conveyed his interest in the land to appellee, in consideration, in part of their assuming the payment of the notes he had made to appellant. In December, 1911, by agreement of the parties, the times for the payment of the notes, respectively, were extended to January 1, 1914, 1915, 1916, and 1917. Each of the notes, it seems, contained a stipulation that a failure to pay it, or accrued interest on it, when due, at the option of the holder should operate to mature all of them. Neither of the notes having been paid, this suit was brought by appellant against Harrison and the Cottens to recover the amount, principal, interest, and attorney's fees thereof, and to foreclose a vendor's lien retained on the land to secure them. At the time he commenced the suit appellant applied for the issuance of a writ of sequestration, on the ground that he feared the "defendants," quoting, "who are in possession, will make use of their said possession to injure said property during the pendency of this suit." Having procured the issuance of the writ, appellant, on January 28 and 29, 1915, had the sheriff to execute it by ejecting appellee and his wife and children, who were residing upon and using the premises as their homestead, from the dwelling house thereon, and so deprived them of further possession and use of the land. Harrison and T. M. Cotten did not answer the suit. Appellee answered, and by a plea in reconvention, in which he alleged that the writ was wrongfully and maliciously sued out, and that he and his family by virtue of same were wrongfully ejected from and deprived of the possession and use of the land, sought a recovery against appellant of damages, actual and exemplary, which, he alleged, he thereby suffered. The jury found in appellant's favor against Harrison, T. M. Cotten, and appellee, for the amount (principal, interest, and attorney's fees) of the notes, and for a foreclosure of the vendor's lien asserted, and in favor of appellee against appellant for $400 actual and $75 exemplary damages. The appeal is by Garlington alone from the judgment on the verdict so far as it was against him.

Miller & Miller, of Athens, J. L. Rudy, of Bowie, and R. S. Neblett and Gordon Damon, both of Corsicana, for appellant. Richardson & Watkins, of Athens, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] In his plea in reconvention appellee alleged that just prior to the time when the suit was instituted he had contracted to sell the land to one Kidd for a sum $500 in excess of the sum due appellant on the notes sued upon; that the statement made by appellant in his application for the writ of sequestration that he feared appellee would make use of his possession thereof to injure the premises during the pendency of the suit was false, and known by appellant to be so at the time he made it; and that appellant's real purpose in procuring the issuance and execution of the writ was to obtain possession of the land at once so that he could, and appellee could not, sell and deliver possession thereof to Kidd. Appellant excepted to the allegations in the plea, so far as they referred to a sale of the land to Kidd, and complains of the action of the court in overruling his exceptions. The ground of the exceptions was that damages, if appellee suffered any, by reason of appellant's interference as charged in the negotiations with Kidd, were too remote to be made the basis of a recovery. It is a sufficient answer to the complaint to say that it is apparent from the plea as a whole that the allegations were not intended by the pleader, nor treated by the court in his instructions to the jury, as a basis for the recovery of actual damages, but were made in support of the charge that appellant's acts in procuring the issuance and execution of the writ were malicious.

[2] The contentions made, that the verdict, in so far as it was for appellee for $400 as actual damages, was excessive, and in so far as it was for appellee for $75 as exemplary damages, was without evidence to support it, must be overruled. It appeared from appellee's testimony as a witness that the damage by rain to his household goods moved by the sheriff from the dwelling house was $75; that the value of the use of the land while he was deprived of it was $150; and that the land was damaged while he was excluded from its possession from $500 to $1,000. The jury had a right to believe this testimony, and, evidently, they did believe at least a part of it. As to the exemplary damages, there was testimony, we think, which authorized the jury to find that the writ of sequestration was wrongfully and maliciously sued out and executed.

There is no error in the judgment, and it is affirmed.

### On Motion for Rehearing.

Further consideration of the record has convinced us that we erred in holding there was testimony to support the finding by the jury of exemplary damages in favor of ap-

pellee. Therefore the motion will be granted, the judgment of this court affirming the judgment of the court below will be set aside, and judgment will be here rendered so reforming the judgment of the court below as to decree a recovery by appellee of only the actual damages found in his favor, and, as so reformed, the judgment of that court will be affirmed.