CHICAGO, R. I. & G. RY. CO. v. WORD.
(No. 22–2640.)

(Commission of Appeals of Texas, Section B.
Jan. 15, 1919.)

1. DAMAGES ⬚112—MEASURE—DESTRUCTION
OF GRASS.

In action for the negligent burning of grass in a pasture, a charge, permitting recovery for the cost of feed and expenses of caring for cattle, does not furnish a certain rule of damages, but the correct rule is to permit recovery for the value of the grass at the date of its destruction.

2. DAMAGES ⬚112—MEASURE—DESTRUCTION
OF GRASS.

The market value of grass for the purpose for which it was used is the measure of dam-

ages for its negligent burning, but if there was no market value, then recovery should be for the reasonable value of the grass for the purpose for which it was being used or for which intended.

3. EVIDENCE ⬚113(11)—MARKET VALUE OF
GRASS—RENTAL FOR PASTURE.

The rent paid by plaintiff for pasture could not determine the market value of grass destroyed by fire, but. if there was no market value, the rent might be a circumstance to be considered in arriving at the value of the grass for the purpose for which it was intended.

4. APPEAL AND ERROR ⬚1064(1)—ERRONEOUS
INSTRUCTION—REVERSIBLE ERROR.

In an action for negligent burning of grass in a pasture, erroneously instructing that plaintiff was entitled to recover the cost of feed for his cattle and the expense necessary in feeding them was reversible error.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by C. T. Word against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff was affirmed by Court of Civil Appeals (158 S. W. 561), and defendant brings error. Reversed and remanded for new trial.

N. H. Lassiter, of Ft. Worth, and Gustavus & Jackson, of Amarillo, for plaintiff in error.
W. Boyce, of Amarillo, for defendant in error.

SADLER, J. The plaintiffs in error call in question the correctness of the holding of the honorable Court of Civil Appeals in approving the measure of damages as submitted in the charge of the court. Word obtained judgment in the district court against the Chicago, Rock Island & Gulf Railway Company for the sum of $918, as damages resulting from the burning of grass on the 22d day of February, 1909, in the pasture leased by him. In addition to the other allegations in the petition, it was alleged that this particular pasture had been held in reserve for winter pasturage, and that 500 head of cattle were placed there a short time prior to the fire. It was charged that the grass was sufficient to carry the cattle through the winter without feed, and that on account of its destruction it became necessary to purchase cotton seed cake and to incur expenses in feeding and caring for the cattle.

On the measure of damages, the court charged the jury as follows:

"If, under the foregoing instructions, you find for the plaintiff, and you further find that as a proximate result of the burning of the grass in plaintiff's pasture, it became and was reasonably necessary for him to furnish feed, and that he did furnish feed to the cattle owned by him in said pasture in order to avoid greater loss and damage thereto, and in order to winter

them, then you will find for the plaintiff as damages such sum of money as you believe from the evidence it was reasonably necessary for him to pay for, and did pay out for, feed for said cattle, with the reasonable and necessary expenses incurred by him in feeding and caring for said cattle in order to winter them, together with 6 per cent. interest thereon from the 22d day of February, 1909."

The Court of Civil Appeals (158 S. W. 561) held that this charge correctly presented the measure of damages. It cited a number of authorities as sustaining its ruling. An examination of Railway Co. v. McKinsey, 78 Tex. 298, 14 S. W. 645, 22 Am. St. Rep. 54, and the cases following in that connection cited by the court, disclose that those cases are with reference to the question of "proximate cause." As we understand the present state of this record, no question is raised with reference to proximate cause, the sole question being as to the proper rule for the determination of the damage. The Court of Civil Appeals also refers in its opinion to that class of cases where the duty devolves upon one who has suffered injury to his property to exercise reasonable care to protect from further loss or to mitigate the damage. It is believed that this is not apropos in the case under consideration. The authorities presented by the Court of Civil Appeals relate to injury to personal property or to the person, and authorize recovery for the necessary expenses incurred in caring for the damaged property or for the person injured. In this case there is no question of expenses incurred in an effort to fight the fire or to prevent it from doing further damage. Plaintiff seeks to recover for the cost of feed and expenses incurred in caring for the cattle by reason of the destruction of the grass. There is no direct injury alleged as to the cattle themselves, further than the deprivation of one character of sustenance being utilized by plaintiff in caring for them.

In support of its holding that plaintiff is entitled to recover the money which he was required to pay out in purchasing feed for the cattle in order to carry them through the winter and the expenses necessary in feeding them, the Court of Civil Appeals cites Buffalo B. S. C. Co. v. Milby, 63 Tex. 492, 51 Am. Rep. 668, Enlow v. Hawkins, 71 Kan. 633, 81 Pac. 189, and Hoge v. Norton, 22 Kan. 374. From an examination of these authorities, it is believed that they are not applicable in this character of action. In the Milby Case, supra, the defendant's misconduct was the efficient cause producing the damage, and arose out of the breach of an implied contract and also willful tort. In that case, the damages were such as ought to have been foreseen as the probable consequence of the breach of the implied contract and the commission of the tort. In the Enlow Case, the suit was based upon a willful tort, and in that case, the recovery by Hawkins was allowed on the ground that Enlow, under the facts in that case, was charged with knowledge of the consequences resulting from the willful destruction of the corn by him. The Hoge Case, cited in support of the Enlow Case, was a suit arising out of the willful tort. In the present case, plaintiffs' cause of action arises, if at all, out of the negligence of the defendant and its failure to exercise the degree of care incumbent upon it to prevent the escape of fire from its engine. Plaintiffs' cause of action here neither arises out of contract nor from willful tort, and the authorities relied upon by the Court of Civil Appeals are not applicable.

[1, 2] To sustain the rule announced by the Court of Civil Appeals would, in our opinion, cause uncertainty in the determination of recoverable damages in cases of this character. That rule is preferable which gives a certain and fixed method for measuring the damages resulting from the destruction of grass by negligent fires. The correct rule, in our opinion, is to permit recovery for the value of the grass destroyed at the date of its destruction. If there is a market value for the property, for the purposes for which it is used, then that should be the measure of recovery. However, if there is no market value, then the recovery should be for the reasonable value of the grass for the purposes for which it is being used or for which intended. Any other rule would result in uncertainty. Texas Pacific Railway Co. v. Prude, 39 Tex. Civ. App. 144, 86 S. W. 1046, is in accord with our conclusion. In that case, the direct question was presented to the Court of Civil Appeals for the Fourth District, and, following Railway v. Wallace, 74 Tex. 581, 12 S. W. 227, and other cases cited, it was there announced that:

"The measure of damages for the destruction of grass is its reasonable market value at the time of its destruction. * * * If the grass had no market value, its value in view of the use to which it was to be put would be the test."

[3] Defendant urges that the rental price paid by plaintiff should determine the market value of the grass destroyed. This position is not tenable. What plaintiff paid per acre as a rental may or may not have been the market value at the time of the rental contract. At the time of the fire the market value may have been more or less than the rental.

[4] If, at the time of the fire, there were no market value for the grass destroyed, then the rental price might be a circumstance to be considered along with the other evidence in arriving at the reasonable value of the grass for the purposes to which put or intended.

For the error in the court's charge on the measure of damage, the judgments of the Court of Civil Appeals and of the district

court should be reversed, and the cause remanded for a new trial.

PHILLIPS, C. J. The judgment recommended by the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court. The case is correctly remanded upon the ground stated by the Commission in its opinion.

