WARD COUNTY IMPROVEMENT DISTRICT No. 3 ET AL. v. WARD COUNTY IRRIGATION DISTRICT No. 1 ET AL.

No. 3813. Decided June 4, 1927.
(295 S. W., 917).

*B. W. Baker* and *Lee Monroe,* for plaintiffs in error, in support of a motion for rehearing, which was overruled.

The rights of a riparian owner to water can be acquired by an appropriator of water from the stream by purchase. Such riparian owner may legally contract with the owner of a canal system that all water to which the system is entitled may be distributed pro rata to the lands of the system, regardless of whether they are riparian or non-riparian. Matagorda Canal Co. v. Markham, 154 S. W., 1176, 1180; Kinney on Irrigation, p. 1844; Gould on Water Rights, 2nd

Ed., Sec. 234; Johnson v. Little Horse Creek Irr. Co., 13 Wyo., 208, 79 Pac., 22; 70 L. R. A., 241; 110 Am. St., 985; Cooper v. Shannon, 36 Colo., 98, 85 Pac., 175, 118 Am. St., 95; Pleasant Lake Corp. v. Eppinger, 235 Mich., 174, 209 N. W., 152; St. Helen Shooting Club v. Mogle, 234 Mich., 60, 207 N. W., 915; Lensing v. Day & Hansen Sec. Co. (Mont.), 215 Pac., 909; Strickler v. Colorado Springs, 16 Colo., 61, 26 Pac., 313, 25 Am. St., 245.

The provision of the State statute (Rev. Stats., Art. 7538) is binding upon the courts of this State in framing decrees for the distribution of water unless there be some special plain and conclusive reason why a measurement by the statutory standard fails to give to each claimant his fair and legal share of the available water. No such cause exists where the water supply, as in the instant case, is subject to great and sudden changes, but, on the contrary, no other mode of measurement so fully guarantees in such cases to each party his exact share as the mode provided by the statute. Art. 7538, Rev. Civ. Stats., 1925; Ramelli v. Sorgi, 38 Nev., 552, 149 Pac., 71; Lee v. Hanford, 21 Idaho, 327, 121 Pac., 558; Long on Irrigation, 2nd Ed., par. 226; Kinney on Irrigation, pp. 2822, 1581.

A judgment denying an injunction to restrain an alleged continuing trespass bars a second suit by the same plaintiff to enjoin a continuance of the same trespass, the plaintiff's claim of right to such relief being based on like grounds in each case, the petition in the second case being substantially a copy of that in the first, and there being no allegation or proof that the situation, rights, or needs of either party had changed since the trial of the former suit. Nichols v. Dibrell, 61 Texas, 539; Rackley v. Fowlkes, 89 Texas, 613, 36 S. W., 177, 23 Cyc., 1014; Herman v. Allen, 103 Texas, 382, 128 S. W., 115, 23 Cyc., 1162; 34 Corp. Juris, 810, note 41; I. & G. N. Ry. Co. v. Gieselman, 12 Texas Civ. App., 123.

In the entire absence of testimony that at the time a suit was begun or at any other time a canal owner had diverted more than his legal share of the flow of a stream or was threatening so to do, a suit for injunction will not lie against him, even though it appear that his predecessor did so prior to his purchase. Kinney on Irrigation, 3013.

*W. A. Hudson* and *J. E. Starley,* for defendants in error.

When an agreed judgment is entered in a cause and becomes final both parties are bound thereby and both parties are estopped to there-

after claim that same is not a correct determination of the matters therein adjudicated. Biggs v. Miller, 147 S. W., 632.

Where the rights of two conflicting appropriations of waters of a stream are determined by final judgment of the court, observance of said judgment may be enforced by the courts.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

This was a suit instituted by defendants in error to restrain plaintiffs in error from using the waters of the Pecos River for the irrigation of plaintiffs in error's non-riparian lands except when the flow of the river exceeded 600 second feet. The District Court rendered judgment awarding to plaintiffs in error the exclusive flow of the water of the river for irrigating its riparian lands for the first five and one-half days of each month and awarding to defendants in error the exclusive flow of the water of the river for the remainder of each month. The Court of Civil Appeals affirmed the judgment of the District Court after reforming same so as to permit plaintiffs in error to use for irrigating any of their lands the excess above 500 cubic feet of water per second of time—that being the capacity of defendants in error's irrigation canals (237 S. W., 584). The Supreme Court first refused the application for writ of error, but granted a motion for rehearing in which the point was stressed that the failure of the courts below to distribute the water under the standard of measurement fixed by statute, that is, by cubic feet, had worked grave injury to plaintiffs in error.

We are in full accord with the decision of the Court of Civil Appeals upholding the original Federal Court decree determining the relative rights of the predecessors in title of the parties hereto. A consent decree of a court of competent jurisdiction will not be pronounced a nullity where it adjudges, within the issues made by the pleadings, the respective priorities of conflicting claimants to the use of the waters of a river. Kinney on Irrigation and Water Rights (2d Ed.), pp. 2755, 2812, 2813. The Federal Court judgment plainly established defendants in error's priority of right in the use of the waters of this river save and except as to the use of such waters by plaintiffs in error on their riparian lands. That adjudication is not abortive because the court failed to go further and definitely distribute the water between the parties. The very fact that the previous decrees did not provide a method of distribution of the water, though quieting the titles, gave the District Court jurisdiction of this suit. This brings us to the question which was in our minds

when the writ of error was allowed, and that is, do plaintiffs in error show any error to their prejudice in the judgment of the Court of Civil Appeals? After careful consideration of the facts in this record, we have concluded the question should be answered in the negative.

Common sense sanctions the rule that even though the statute may provide for measuring water by cubic feet, yet, where the language of the statute is not exclusive and some other method of measurement is more beneficial to the parties at interest, the court may adopt the latter method.

In discussing the apportionment of water between riparian proprietors, Mr. Kinney says:

"It is the duty of the court of equity to determine the respective rights of the parties so as to give to each the just proportion to which he may be entitled. Where the water awarded to each party is stated as a certain quantity of the water flowing in the stream, it should be stated definitely in some recognized standard for the measurement of water, as in cubic feet per second of time, or acre feet, or inches, where the pressure is named. But other standards for the apportionment of waters are also recognized. The decree may award a certain proportion of the entire flow of the stream during all of the time. Or, as is the case with appropriators, the court may apportion the water of the stream among the respective riparian owners thereon, by decreeing that each use all of the water of the stream during different and definite periods of time. This is the more common practice where the stream is small and to divide it would injure the rights of all. So, where two riparian owners owned land upon a very small stream, where the flow could not be divided so that either owner could receive any material benefit, the court held that the only way to preserve the rights and to render them beneficial, was to decree to the parties the use of the full flow of the stream during alternating periods of time." 3 Kinney on Irrigation and Water Rights (2d Ed.), pp. 2822, 2823.

Again, in treating of the distribution of water among various appropriators, Mr. Kinney states:

"As was said in a late Oregon case (McCoy v. Huntley, 60 Oregon, 372, Ann. Cases, 1914 A, 320, 119 Pac. Rep. 481):

" 'We see no reason why, even in cases involving prior and subsequent appropriations of water, the courts can not require the appropriators to alternate in the use of the water. The time when water may be used recklessly or carelessly has passed in this State.

With increasing settlement water has become too scarce and too precious to justify any but economical use of it. An appropriator has only the right to use so much as his needs require, and at the time his needs require. And if these are satisfied by a use of the whole flow every other day, or every alternating week, he ought not to be heard to complain. * * * It must be conceded that there is a paucity of authority on the subject of requiring rotation in the use of water between appropriators. The remedy has frequently been applied in cases of dispute between riparian proprietors, and it is difficult to discern any difference in principle between the right of a riparian proprietor and those of an appropriator in the beneficial use of water. The trend of the later decisions is to apply this method where practicable'." 2 Kinney on Irrigation and Water Rights (2d Ed.), p. 1609.

In this case, the court, without objection from plaintiffs in error, submitted to the jury the question:

"No. 3 (a) Is it more practicable and economical to allow one system exclusive use of all the normal flow of the water available in the river for a given period of days, and then allow the other system the exclusive use for a given number of days? (b) Or is it more practicable and economical to allow each system a percentage of the normal flow of the river?"

The jury answered "yes" to question No. 3 (a), and "no" to question No. 3 (b).

The court then submitted to the jury, also without objection from plaintiffs in error, the following question:

"No. 4. If you have answered section (a) of Question No. 3 affirmatively, please state number of days you find to be reasonably necessary to irrigate the lands now in cultivation under defendants' system (Biggs system) in Sections 52, 53, 54, 55, 56, 57, 58, 59, in Block 33."

The jury answered Question No. 4 with the words: "Five and one-half days."

Neither by motion for new trial in the District Court nor by assignment of error in the Court of Civil Appeals have plaintiffs in error assailed the fact-finding that it is most practicable and economical to divide the waters of the Pecos River by periodic use. The jury's finding can not be successfully challenged in this court as wholly without evidence to support it in the light of the positive testimony of an experienced water engineer that "it would be more economical to give them a certain period of time to irrigate their

16

lands than to divide the water." Of course, the Court of Civil Appeals rightly felt bound by the rule which applies to water rights cases as to all others that, "where the evidence is conflicting, and the finding of the lower court is sustained by sufficient legal evidence, it will not be disturbed by the appellate court upon an appeal of the case." 3 Kinney on Irrigation and Water Rights (2d Ed.), p. 2835. We then find plaintiffs in error bound here by the fact-finding that the more practicable and economical method of distributing the water is that adopted by the trial court. Supported by this finding of fact, the law sanctions the mode of distribution embodied in the court's decree.

We do not think that the facts sustain the contention that the decree will give defendants in error water in excess of the needs of their riparian and non-riparian lands to the detriment of plaintiffs in error. However, since the courts are scrupulously careful to prevent the waste of water by its diversion into channels where it can not be reasonably used, 3 Kinney on Irrigation and Water Rights (2d Ed.), at pp. 2818 and 2819, we will reform the judgment of the Court of Civil Appeals so as to expressly adjudge that nothing contained in the judgment shall prevent the trial court from modifying the judgment at any time in the future, on proper application and showing, in such manner as to prevent defendants in error from withholding from plaintiffs in error water beyond the amounts for which defendants in error have use, on their lands both riparian and non-riparian. As thus reformed, the judgment of the Court of Civil Appeals is affirmed, and the costs of the appeal and writ of error are taxed against plaintiffs in error.

Associate Justice Pierson not sitting.