REAVIS v. TAYLOR.

No. 2252.

Court of Civil Appeals of Texas. Eastland.

April 10, 1942.

Rehearing Denied May 8, 1942.

Mays & Perkins, of Sweetwater, for appellant.

Anderson & Dickson, of Sweetwater, for appellee.

LESLIE, Chief Justice.

The plaintiff, Reavis, instituted this suit in trespass to try title to recover of defendant, Arthur Taylor, lands described in the petition. By writ of sequestration plaintiff ousted defendant from possession of the premises and threw about 1500 head of defendant's sheep from the pasture about July 4, 1940.

Taylor answered, admitting Reavis' title to the land, but presented a cross-action alleging that he was entitled to the same under a grazing contract alleged to have been made by him with plaintiff; and in his counterclaim he sued Reavis for damages resulting to him from having his sheep thrown out of the pasture at a time and under circumstances when, by the exercise of due care and diligence, he was unable to obtain other pasturage for the proper maintenance of the sheep. As elements of damage he sought to recover the value of lost sheep, the depreciation in value of those remaining, and the reasonable and necessary expenses of moving the sheep to other pastures and otherwise mitigating, so far as possible, his damages proximately caused by the enforcement of the wrongful writ of sequestration.

The trial before the court and jury resulted in a verdict and judgment in favor of Taylor on his cross-action, and plaintiff Reavis appeals.

Appellant's first assignment presents two propositions (a) that Taylor's cross-action was based upon breach by appellant of an alleged written lease contract to himself (Taylor), and that he did not prove that he performed the provisions of the contract obligating him to maintain and keep in repair fences, windmills, etc., on the premises; and (b) "because the only damages sustained by the appellee under the evidence were special damages and no proof was made that appellant knew of the special circumstances producing such damages."

As to proposition (a) there is no provision in the contract producing forfeiture of the lease in the event fences, etc., were not kept in repair. Reavis makes no allegation of breach of any such covenant seeking to recover damages therefor. There is evidence that Taylor lowered the wires on the fence and placed a top wire, thereby making the same more secure for pasturage purposes. The eviction from the premises was not predicated on the violation of any such provision of a lease, but upon the ground that Taylor was there as a trespasser. Further, we are of the opinion the covenants relating to such repairs are not conditions precedent, as contended by appellant, nor do they affect

liability to forfeiture. Darnell v. Waldrop, Tex.Civ.App., 57 S.W.2d 392; South Texas Telephone Co. v. Huntington, 104 Tex. 350, 136 S.W. 1053; Decker v. Kirlicks, 110 Tex. 90, 216 S.W. 385; Gray v. Vogelsang, Tex.Civ.App., 236 S.W. 122; Wooters v. International & G. N. R. Co., 54 Tex. 294; 10 Tex.Jur. 347; 27 Tex.Jur. 64.

■ As to proposition (b), we find there is evidence that the appellant knew of, or should have contemplated, the special circumstances leading to or proximately causing the alleged damages, or some such damages. This proposition should be overruled upon the authority of Chicago, R. I. & G. N. R. Co. v. Word, Tex.Civ.App., 158 S.W. 561; Humble O. & R. Co. v. Wood, Tex.Com.App., 292 S.W. 200; Wilkinson v. Stanley, Tex.Civ.App., 43 S.W. 606; St. Louis A. & T. R. Co. v. McKinsey, 78 Tex. 298, 14 S.W. 645, 22 Am.St. Rep. 54; Cauble v. Hanson, Tex.Civ.App., 224 S.W. 922, 925. Further consideration will be given the question of special damages as the opinion proceeds. For the reasons assigned each of these propositions is overruled.

The jury in response to issue No. 1 found that prior to July 1939 Mrs. Reavis agreed with Arthur Taylor that he might remain in possession of the land throughout the year 1939 under the terms and conditions of the lease of said land made (theretofore) between W. B. Reavis and Arthur Taylor.

■ The appellant insists by her second point there was no evidence to warrant the giving of said issue and by the third point no evidence to support the verdict. These propositions are overruled. In any event, the testimony was conflicting and the jury resolved the same in favor of Taylor. United States F. & G. Co. v. Paulk, Tex.Civ. App., 15 S.W.2d 100; Ward County Imp. Dist. No. 3 v. Ward County Irr. Dist., 117 Tex. 10, 295 S.W. 917; 3 Tex.Jur. 1096.

Appellant's argument under the last proposition is that the evidence is "insufficient" to support the above finding. If the point be one of "insufficiency of the evidence", then what is said above disposes of the same.

In answer to special issue No. 2 the jury found that Taylor was "compelled to incur by reason of having to move his sheep from the land in question to other premises" the sum of $150. The appellant insists (a) that the issue permits recovery of special damages, although "the evidence wholly fails to show that appellee knew or had any knowledge whatsoever that it would be necessary for appellee to incur the expense" of moving the sheep; and (b) that the evidence did not show that the expense of moving the sheep (when forced to do so) was necessarily greater than such expense would have been at the expiration of the contract some six months later.

Much of the appellant's brief is devoted to discussion and authorities distinguishing between general and special damages as they grow out of the breach of contract. These rules are recognized and, as usual, the difficulty is in applying the same to a given state of facts. Appellant seeks to avoid damages on the ground they were special and that she had no notice of them when entering into the rental contract. In general, the damages sought to be recovered by issue 2 consists of numerous items alleged to be customary, reasonable and necessary in the moving of the sheep from the Reavis pasture to the only other pastures obtainable at that season of the year, and in otherwise protecting the sheep from loss and deterioration.

It is doubtful to our minds that the lease contract (found by the jury to have been made by the parties) is material to Taylor's right of recovery, except that it furnished the background or basis for the wrongful sequestration of the premises and the ousting of Taylor and his sheep from the pasture. In his pleadings, Taylor makes no mention of the bond for sequestration and seeks no recovery on the bond for damages. In other words, he seeks to recover damages proximately resulting to him by reason of the eviction from the premises and the casting of his sheep from the adequate pasture thereof,—all of which resulted in loss of sheep, depreciation in value of those remaining, and the making of various and sundry expenditures necessary and reasonable in a diligent effort to protect and conserve the sheep during that unfavorable season of the year.

According to the pleadings and testimony the only pasture available at first was a small Sudan grass field (Allen pasture) some 30 miles away, and the sheep were sustained thereon for about two weeks, during which time Taylor was diligently striving to find other and more adequate pasturage. A larger pasture with better grass, but with inadequate water, was found some 60 miles away at Fluvanna, Texas. He

drove the sheep from the Reavis pasture to the Allen pasture and when that pasture was exhausted, he moved the sheep by trucks to Fluvanna. Many items of expenses were incurred, such as employing necessary men and facilities for removing the stock, etc., and Taylor found it necessary to repair the fences about these pastures in order to make them reasonably serve the purposes of a sheep pasture. That is, at each place he was compelled to repair the fences and otherwise personally guard, feed and care for the sheep in order to prevent greater loss of same and greater depreciation in value. His testimony is he paid the prevailing, necessary and reasonable prices for labor, etc.

It appears that when Taylor discovered the Reavis pasture would be taken from him, he then determined to sell at once the flock of sheep, either as a whole, or in smaller numbers, since it was impossible to obtain at that season of the year adequate pasture and water. To that end he listed the sheep with reputable sheep commission men and endeavored himself to effect a sale of the sheep. At the expiration of about 30 days on the Fluvanna pasture the sheep were sold for $2,050.

The lawsuit is not necessarily based upon a violation of a lease rental contract, but one for damages growing out of wrongful sequestration of the premises and the casting of plaintiff's sheep virtually into the highway at a time when the evidence shows it was, and generally is, practically impossible to find sheep pasture and at a time when, as alleged, there was no market value for sheep of the age and type of plaintiff's stock. Plaintiff in cross-action (Taylor) seeks to recover the actual damages accruing to him by virtue of the wrongful sequestration and the suit in substance is based upon the commission of a tort and is governed by principles and rules of non contract law.

■■ The rule of liability is reflected in a discussion of "By Action Independent of Bond", 57 C.J. p. 263, under the subject of Sequestration, wherein it is said: "In the same jurisdictions where defendant in sequestration proceedings is permitted to reconvene or counter claim, or to sue on the bond for damages, he has the option to bring still a third action, by way of an independent proceeding sounding in tort against all those proximately causing the injury of which he complains." Among the cases cited in support of the text are the following: Clark v. Pearce, 80 Tex. 146,

15 S.W. 787; Rountree & Green v. Walker, 46 Tex. 200; Portier v. Fernandez, 35 Tex. 534; Bassham v. Evans, Tex.Civ.App., 216 S.W. 446; Bledsoe v. Palmer, Tex.Civ.App., 81 S.W. 97; Norwood v. Interstate Nat. Bank, Tex.Civ.App., 45 S.W. 927, reversed on other grounds 92 Tex. 268, 48 S.W. 3; Simpson v. Lee, Tex.Civ.App., 34 S.W. 1053; 38 Tex.Jur. p. 267, sec. 101 et seq. When the landlord wrongfully evicts the tenant, the latter shows a cause of action for damages by averment and proof of the following facts: "(1) The existence of an unexpired contract of renting; (2) Occupancy of the premises in question by the tenant; (3) Eviction or dispossession by the defendant; (4) Damages attributable to such eviction." 27 Tex.Jur. p. 280, sec. 160.

■ And, in Section 161, it is further stated: "The tenant, having been wrongfully ousted or evicted, is entitled to recover on account of loss or injury, which is shown to have been the foreseeable consequence of the eviction." De La Zerda v. Korn, 25 Tex.Supp. 188; Knight v. Lewis, Tex.Civ. App., 283 S.W. 542; Humble O. & R. v. Wood, supra.

■ Under such rule we believe an evicted tenant may show himself entitled to recover reasonable expenses of removal to other premises, depreciation in the value of his sheep, proximately caused by such eviction, as well as the sheep lost as result of the removal. Blum v. Gaines, 57 Tex. 135; Wilkinson v. Stanley, Tex.Civ.App., 43 S.W. 606; Humble O. & R. Co. v. Wood, Tex.Com. App., 292 S.W. 200; Cauble v. Hanson, Tex. Civ.App., 224 S.W. 922; 27 Tex.Jur. p. 284, sec. 162.

In the instant case no recovery is sought for lost profits and the elements of damage sought to be recovered are believed to be those directly and proximately resulting from the enforcement of the wrongful writ of sequestration. These items he is entitled to recover as actual damages, whether they be regarded as general or special.

■ Hence, we do not believe it material or necessary for Taylor to have shown by the testimony that at the making of a contract or even at the issuance of the writ of sequestration that he gave the appellant notice of the specific items of recovery sought in this case. Of course, neither of the parties contemplated a breach of the rental contract when they made it, nor did they contemplate that Reavis would resort to a writ of sequestration to evict cross-

plaintiff and his sheep from the pasture under the circumstances. It may be that the plaintiff in the main suit did not know the full and particular consequences of ousting Taylor from the pasture but some such injury, if not the precise ones alleged, should have been within the contemplation of the plaintiff when she resorted to the sequestration writ to regain possession of the pasture. Chicago, R. I. & G. R. Co. v. Word, Tex.Civ.App., 158 S.W. 561.

■ Further, the appellant insists that she did not know that Taylor was using the land and pasture for sheep. The lease contract shows that the land was let for a pasture for "stock." The appellant admits that sheep in some number were to be placed on the pasture. There is much testimony upon the part of Taylor that he fully informed her of the use he was to make of the pasture. There is no need to further consider this phase of the controversy, since we are convinced by a study of the record that it conclusively shows that the plaintiff knew that the pasture was being used by Taylor for the maintenance of a herd of sheep. St. Louis, A. & T. R. Co. v. McKinsey, 78 Tex. 298, 14 S.W. 645, 22 Am. St.Rep. 54. Taking the testimony in the light most favorable to the appellee, which the law requires us to do, we are of the opinion that notice sufficient for the recovery, even of consequential damages, was shown both at the making of the lease contract, as well as at the time the land was recovered under the writ of sequestration.

■ We also overrule contention "(b)" that appellee did not show expenses of moving the sheep (when they were moved) to be greater than the expenses at the termination of the lease, some six months later. There is neither pleading nor testimony that Taylor would have had to move at the end of the lease term. There is no showing that he might not have sold the sheep on the Reavis pasture on or before the expiration of the lease contract. At such time and season of the year conditions are favorable for the sheep man, and the evidence discloses there is a market for sheep, and that sheep pastures are more easily obtained in that season of the year. That pasturage is practically impossible to obtain for sheep at any other season of the year. Any other disposition of this point would be an unfair basis for the measure of Taylor's damages, or expenses for moving at the particular time he was forced to move.

Appellant's fifth proposition is a further attack upon the jury's answer to issue No. 2. Appellant insists "Items of expense for removal were introduced in evidence upon which the jury could have based their answer which were not proper items of damage, such as, building fences on the place to which the sheep were moved, including labor and material, * * * making trips to places where the sheep were moved, * * *" etc.

■ In answer to said issue the jury found Taylor "was compelled to incur by reason of having to move his sheep from the land in question to others" $150. Much more was claimed by the appellee, and many items of expense were alleged and supported by testimony showing the necessity for such expenditures in looking after and caring for the sheep. If any inadmissible item of expense for removal, etc., of the sheep and protection of the same was given in the testimony, there is no assignment of error to the ruling of the court admitting such testimony. As stated, many proper items were considered by the jury and the appellee's claim was reduced from a much larger sum to that of $150. By reason of the manner of attack here made, we are unable to go through the record and single out and discard inadmissible testimony, if any. The proposition is overruled.

■ It is a fundamental rule that one who is injured in his person or property by the wrongful or negligent acts of another, either as result of a tort or of breach of contract, is bound to exercise reasonable care and diligence to avoid loss or to minimize the consequences of such injury. 25 C.J.S., Damages, p. 499, § 32 et seq. After a careful consideration of Taylor's efforts to save and protect his sheep, we are unable to say that he did not comply with this rule of law. Had he abandoned the sheep when they were thrown from the Reavis pasture, Reavis would certainly be heard in resistance of any effort to recover damages and consequences avoidable by reasonable effort on Taylor's part.

Points 6 and 7 attack, respectively, the giving of issues Nos. 3 and 4. By issue 3 the jury found the moving of the sheep from the Reavis pasture to other premises caused the "loss" of some of said sheep and that such "lost sheep" were of the value of $525. Point 6 is to the effect that damages assessed by the jury for "lost

sheep" are not recoverable since they are "remote and speculative" and because the special circumstances producing them were not known to the appellant when the sheep were put out of the pasture. Under the pleadings and testimony the cross-plaintiff in moving his sheep to the only other pastures he could obtain at that season of the year lost several from the herd from different reasons. The court by explanation not excepted to as erroneous told the jury "By the term 'loss of any of said sheep' as used in special issue No. 3 does not include any loss, if any, caused through the fault or negligence, if any, of Arthur Taylor, but only such loss, if any, that naturally resulted from moving said sheep."

We do not think these issues amounted to the submission of an improper measure of damages, and we are of the opinion that such damages were neither remote nor speculative. The issues, while general in nature, were easily understood and in the light of the pleadings and testimony we sustain the findings. Under the evidence in this case it is our opinion that the appellant when she evicted the appellee and threw his sheep from the pasture should have anticipated that some of the sheep would be lost either through straying or by death from unfavorable weather conditions, or inadequate pasture and water.

Further, the appellant did not charge the appellee with contributory negligence in the handling or disposition he made of the sheep, and the above explanation given by the court was favorable to the appellant.

Appellant's argument under the seventh proposition concludes with the insistence that the sole measure of Taylor's damages, if any, was "the difference between the rental price and the reasonable market value of the premises" and that whether or not any sheep were lost was not the measure of damages. As shown above, this is not necessarily so under the facts of this case. As said in Buck v. Morrow, 2 Tex.Civ.App. 361, 21 S.W. 398 (a suit for damages incident to the breach of a contract for quiet enjoyment in a lease): "The rule which confines the general damage to the difference between the rental value and the stipulated rent seems to rest upon the assumption that the tenant can go at once into the market and obtain like property. Allison v. Chandler, 11 Mich. 542. Where the reason for the rule does not exist, it would

seem that the rule itself should not apply to the exclusion of all other considerations in estimating the damages." This reasoning is applicable to the facts and nature of the instant case, and particularly the contention here so often insisted on throughout appellant's brief. Points 6 and 7 are overruled.

For the reasons hereinabove stated, point 8 is overruled. If any issue was omitted, as suggested in that point, the court must have thereafter found it in favor of the judgment. Wichita Falls & O. R. Co. v. Pepper, 134 Tex. 360, 135 S.W. 2d 79. Surely, the appellant must have known the sheep were in the pasture when she had the same removed therefrom. St. Louis, A. & T. R. Co. v. McKinsey, 78 Tex. 298, 14 S.W. 645, 22 Am.St.Rep. 54; Cauble v. Hanson, Tex.Civ.App., 224 S.W. 922.

Point 9 to the effect that the evidence was insufficient to support the jury's answer to said issue No. 3 finding the forced removal of the sheep caused "loss", etc., is overruled, and this necessarily overrules point 10 raising the question of no competent evidence to support the finding.

Point 11 is an attack on issue 4 by which the jury found the value of "lost sheep" to be $525. It is here insisted there is no evidence on which to base the issue since the issue itself does not submit market value of lost sheep, and "there is no evidence that such sheep did not have a market value," etc.

The plaintiff in cross-action in the outset alleged there was no market value for his sheep considering their quality, size and the season of the year at which they were thrown from the Reavis pasture. His testimony is to the effect there was no available market at such time. His testimony is further to the effect that when he realized he was going to lose the pasture he listed the sheep for sale with reputable commission men, signified his willingness to sell the flock as a whole or in fewer numbers, and personally exerted his best efforts to sell the sheep to the various stockmen in that section of the country. It appears that neither he nor the commission men were able to find a market for the sheep. Hence, we are of the opinion that under these circumstances, a sufficient predicate was shown to justify the introduction of the testimony of other

or intrinsic value complained of. Upon materiality of the market value being the measure of damages under given conditions we here cite Taylor County v. Olds, Tex.Civ.App., 67 S.W.2d 1102, where we dealt with a somewhat similar state of facts and concluded that the court properly permitted the litigant to resort to evidence other than market value in order to establish the damages sought to be recovered. That authority and the many cases therein cited are here relied upon for the conclusions above expressed and point 11 is overruled.

For the same reasons point 12 is likewise overruled. The question of "no competent evidence" to support the answer of the jury to special issue No. 4 is here again raised.

Issue 5 inquires if the sheep depreciated in value as the result of being removed from the Reavis pasture to other pastures. Subdivision "(a)" of point 13 raises the question of the absence of "competent evidence" raising such issue 5 in that there was no evidence of market value of the sheep at the time of appellee's eviction or soon thereafter. For reasons above given, this proposition is overruled. As pointed out, proper predicate was laid for the admission of evidence of the intrinsic value of the sheep or their reasonable worth at the various times and under the circumstances alleged. The appellee was entitled to recover the depreciation in value of his sheep proximately resulting from the removal of same from the Reavis pasture to the other pastures—all made necessary by the unlawful eviction, etc. Further, the court instructed the jury not to consider any depreciation in value caused through the default or negligence of Taylor (after the ousting of the sheep) but only such depreciation as naturally resulted in moving them.

■ For its bearing on several other propositions in substance raising the same question and resisting the appellee's right to recover expenditures for moving the sheep and providing other pasturage for their maintenance, it is well to keep in mind the rule of avoidable consequences. That rule imposes a duty on the person injured to minimize damages, and such rule is to be distinguished from contributory negligence. 25 C.J.S., Damages, § 32, p. 499. In other words, "no recovery may be had for losses which the person injured might have prevented by reasonable efforts and expenditures." 25 C.J.S., Damages, § 33, p. 499. This rule has a direct and material bearing on the merits of many contentions presented in the appellant's brief wherein it is insisted that the appellee in moving the sheep made unnecessary or excessive expenditures. The appellee's testimony is to the effect that such expenditures were reasonable, and necessary to avoid greater depreciation in the condition of the sheep, as well as to prevent their dying for food, water and pasture. Certainly there is testimony to sustain that view.

■ The above rule is, in a sense, supplementary to the well-known one that a wrongdoer is responsible for the natural and proximate consequences of his misconduct, and what are such consequences must generally be left for the determination of the jury. Ehrgott v. Mayor, 96 N.Y. 264, 48 Am.Rep. 622; Jones v. George, 61 Tex. 345, 48 Am.Rep. 280.

■ Further, we are of the opinion that there is no merit in the contention "(b)" that the appellee adopted the wrong or more injurious way of moving the sheep by driving same from the Reavis pasture to the Allen pasture. In any event, that contention cannot be sustained as a matter of law.

We cannot say, as a matter of law, that there was no "competent evidence" calling for the submission of issue No. 5, nor can we say that the record as a matter of law shows that it was more injurious to the sheep to drive them 30 miles than to transport them such distance by truck, especially when it is not disclosed by the testimony that trucks were available. If there be any such testimony in the record, the briefs do not specifically refer to the same.

Further, in Buck v. Morrow, supra, the ousted tenant was permitted to recover for 15 head of cattle that had been lost over a period of 5 months while his cattle were on the commons as result of being evicted. In Wilkinson v. Stanley, supra, the evicted tenant was allowed to recover for hauling water for his family and driving his stock to water over a reasonable length of time while he was engaged in procuring another place and moving thereto. In Garlington v. Cotten, Tex.Civ.App., 189 S.W. 294, 295, the tenant was ousted by wrongful sequestration under circumstances damaging his household goods. Recovery was permitted for

"damages by rain to his household goods moved by the sheriff from the dwelling * * *." Other items of damage were there allowed. In the instant case, depreciation or damages proximately resulting from being obliged to move the sheep in hot weather and under the unfavorable circumstances detailed are as logically recoverable as are damages resulting from having to move household goods during a rain. See Badu v. Satterwhite, Tex. Civ. App., 125 S.W. 929.

Further, there is neither pleading nor testimony that the sheep depreciated in value from any other cause than as the natural result of the eviction and the necessity of moving them. Point 13 is overruled.

Point 14 raises again the question that there was "no evidence" that the sheep did not have a market value and no evidence of market value; therefore, there was no competent evidence to support the jury's answer to special issue No. 6 finding that the sheep by reason of being moved from the land in question to other premises depreciated in value $1,544.

Point 15 is that there was "no evidence" as to the value of the sheep after their removal, etc. Hence, no evidence to support the jury's answer to special issue No. 6.

These two propositions, and 17 as well, could be properly sustained only if correct as a matter of law. The testimony does not conclusively support such propositions. After a careful consideration of the same, we find that the testimony adduced by the respective litigants was material, admissible, but conflicting on the issues under consideration. From the standpoint of the appellee it is sufficient to support the verdict and the judgment. These propositions are all overruled.

This disposes of all contentions made by the appellant and brings us to a consideration of the appellee's cross-assignment of error which complains that the court erroneously reduced the jury's verdict aggregating $2,219 by $480, the amount of the second installment of rent for the pasture which fell due about July first, and which amount was tendered appellant according to the alleged contract but was rejected by her about the time the eviction was enforced. The court in reducing the verdict by $480 and rendering judgment for the balance recited in the judgment the following: "The sum of $480 being the unpaid rental for the unexpired portion of said lease, should be deducted from the recovery awarded to the appellant [appellee] from the appellee [appellant] by the jury." It is the appellee's view that deducting the $480 unpaid rental from appellee's recovery is tantamount to requiring him to pay lease rental to appellant on the premises for and over the period of time she refused to let him have the use and possession of the same. That it amounts to requiring appellee to pay appellant for that which she refused to let him have and which she did not part with, and which he, in fact, did not get.

It is not legally accurate to say the $480 "should be deducted from the recovery awarded to the appellee." The items of damage (expenses of moving sheep, etc., value of sheep lost, and depreciation in value of sheep remaining) aggregate $2,219. Notwithstanding Reavis's wrong, Taylor was not out the $480 due for the balance of the rental year. In other words, it was in a sense to his advantage that he did not make that expenditure. Although evicted from the premises, Taylor profited or was saved the expenditure of said $480, unpaid rental on the lease contract. Such amount deducted from the $2,219 leaves the loss or net damage ($1,739) which paid to Taylor makes him hold under the governing rules of law. "The purpose of the law, in awarding actual damages, is to repair the wrong that has been done or to compensate for the injury inflicted, but not to impose a penalty; and the cardinal principle and only inflexible rule in this respect is that the person injured shall receive a compensation which is commensurate with his loss or injury, and no more." 13 Tex.Jur. p. 73, sec. 7.

In other words, one who has suffered injury or damage is held to be entitled to recover as nearly as possible compensation for the loss or breach which he has suffered. The judgment of the trial court is in harmony with such rule of compensation and the amount awarded repairs the wrong furnishing the basis of this lawsuit.

The cross-assignment is overruled. The judgment of the trial court is affirmed.