## HARTFORD ELECTRIC LIGHT CO.
### *vs.*
## ALEXANDER JARVIS

Superior Court          Hartford County          File No. 69095

MEMORANDUM FILED SEPTEMBER 8, 1943.

*Charles L. Smiddy,* of Hartford, for the Plaintiff.

*William M. Harney; Alcorn, Bakewell & Alcorn* and *John P. Hodgson,* all of Hartford, for the Defendant.

QUINLAN, J. Upon the facts alleged, the questions raised by the demurrer would involve a novel point in any jurisdiction. Some recital of the facts seems justified to lay

the foundation for the applicable law, either in case of an appeal, or so that the trier at the time of trial may understand the approach to the disposition of the demurrer.

The plaintiff, an electric light company, maintained an underground electric distribution system claimed to be of importance in maintaining service through the Hartford area and involving the safety and welfare of the community.

The defendant had a contract to build a bridge on an adjoining intersecting highway. It is alleged that the defendant negligently destroyed and endangered the natural support of the location of the distribution system and thus created danger of additional slides with incident destruction of the system and of the service connected therewith. It is alleged also that the defendant knew or should have known this, and failed to employ precautionary measures; and that because of this the plaintiff was required to take immediate steps against the threatened peril and to do such reasonable things to this end as seemed indicated. The plaintiff having taken such steps asks reimbursement for the damage claimed to have been caused by said negligent acts.

The *Restatement of the Law* are increasingly used as authority to support a given proposition of law. In this case it is the *Restatement of the Law of Torts* upon which reliance is based. Subsection (1) of section 919 (vol. 4, p. 613) states: "A person whose legally protected interests have been endangered by the tortious conduct of another is entitled to recover for expenditures reasonably made or harm suffered in a reasonable effort to avert the harm threatened."

The rule thus stated, "insofar as it involves negligent conduct on the part of the defendant, is a corollary of the rule stated in §463, vol. II, which denies recovery to a person who is guilty of contributory negligence since one who is aware of approaching harm resulting from the negligence of another and who does not take reasonable efforts to avert it is guilty of contributory negligence." (*Restatement, Torts,* §919, *Comment a* (vol. 4, p. 613).

Furthermore, section 443 of the *Restatement of the Law of Torts* (vol. 2, p. 1189) provides: "An intervening act of a human being.... which is a normal response to the stimulus of a situation created by the actor's negligent conduct, is not

a superseding cause of harm to another which the actor's con-
duct is a substantial factor in bringing about."

And again section 445 of the *Restatement of the Law of
Torts* (vol. 2, p. 1193) says: "If the actor's negligent conduct
threatens harm to another's person, land or chattels the normal
efforts of the other or a third person to avert the threatened
harm is not a superseding cause of harm resulting from such
efforts."

With this reference to the law it must not be forgotten that
only facts are alleged. The evidence must be forthcoming.
That opportunity should not be frustrated. A substantial
corporation stands no differently than an indigent plaintiff as
to its right to have the evidence heard. It is not for the court
at this time to guess as to the evidence, or to say that a certain
line of conduct was not reasonable. The court's only concern
now is whether the complaint states a cause of action.

The court is in accord with much of the law cited by the
defendant. Even with the aid of the cases cited by the
plaintiff where the principles appearing in the *Restatement,
supra,* were applied, the plaintiff may encounter difficulties,
because the facts of the case at bar present a different kind of
danger from the facts of those cases. I refer to *Reavis vs.
Taylor* (Tex. Civ. App.) 162 S.W. (2d) 1030, but more
particularly to *United States vs. Chesapeake & Ohio Ry. Co.,*
130 F. (2d) 308, where the court held that there was liability
apart from a statute which existed, and *Spokane International
Ry. Co. vs. United States,* 72 F. (2d) 440.

These cases acknowledge a rule based on foreseeable and
avoidable consequences. The *Restatement* recognizes it and
the *Restatement* is cited in the cases applying it.

"The factors which determine whether the plaintiff was
reasonable in taking steps to avert harm and the extent to
which he can recover for efforts made or expense incurred are
the same as those which determine whether a person has been
reasonable in his conduct towards others. . . . Thus the serious-
ness of the harm threatened, the degree of likelihood that it will
occur, and the probable harm or expense to the threatened
person are elements to be considered. In some situations it
may be equally reasonable for the threatened person to act
or not to act; it is only where the action taken is unreasonable

in nature or extent that recovery is denied for its consequences. The viewpoint of the victim at the time when action is necessary and the length of time which he has for decision are properly considered." *Restatement, Torts*, §919, *Comment b* (vol. 4, pp. 613, 614).

The demurrer is overruled on all grounds.