**V. R. WATTINGER CO., Appellant,**

v.

**C. W. MOORE dba Tejas Company, Appellee.**

**No. 11867.**

Court of Civil Appeals of Texas, Austin.

Jan. 5, 1972.

328

Joseph Latting, Hooper & Robinson, Malcolm Robinson, Austin, for appellant.

Sloan, Muller & Godfrey, Cullen M. Godfrey, Austin, for appellee.

PHILLIPS, Chief Justice.

Appellant, Defendant below, is a contractor. Appellee, Plaintiff below, is a subcontractor. Appellee sued for breach of contract, conversion, slander, loss of business profits and exemplary damages. The Appellant brought a cross-action for breach of contract. In response to special issues, the jury awarded Appellee exemplary damages, damages for loss of business, for conversion, among other damages not necessary to discuss. Both sides moved to disregard certain jury answers and the trial court partially granted both motions and entered judgment for Appellee for $14,002.58 which consisted of $5,000.00 for the conversion and $9,002.58 for retainages held by Appellant. No relief was granted Appellant on his cross-action.

Both parties filed motions for new trial and both were overruled. Hence this appeal.

We reverse the judgment of the trial court and remand the case for trial.

Appellee, a sheet metal contractor, had a contract with Appellant, a general contractor to install heating, air-conditioning, plumbing and electrical work on two contracts, namely, the Johnson City Hospital and the Central Office Building, Mental Health Department, in Austin, Texas. Appellee was to fabricate and install the sheet metal duct to complete the heating and air conditioning portion of the projects.

The controversy arose in January of 1970. At this time Appellant owed Appellee $568.50 ($253.50 on the Central Office Building and $315.00 on the Johnson City Hospital job).

At this point the evidence is conflicting. Appellant asserts that Appellee was not performing on his contracts and that he had been told by Appellee that he (Appellee) was unable to complete the contracts. Appellee denies this and asserts that he was performing on the two contracts.

In any event, Appellant went to Appellee's place of business and picked up a portion of the fabricated sheet metal work destined for the Central Office job. Appellant contends that he had already paid the Appellee for this material. This material was eventually installed in the Central Office job.

Appellee asserts that Appellant converted the sheet metal work because it had not been paid for. Appellee further asserts that because of this conversion he could not make certain payments on some leased (with purchase option) equipment on which he had already paid $5,000.00 and subsequently lost by repossession by a third party, one Harrell, and that because of such repossession he (Appellee) had to close down his business. It is not contended that Appellant converted any of this last-described equipment which consisted of machines used in the sheet metal business.

Appellant is before us on seven points of error, the first being that Special Issue No. 6 is supported by no evidence, insufficient evidence, is against the great weight and preponderance of the evidence, is contrary to law and the response should have been disregarded.

Special Issue No. 6 inquires: "What do you find from a preponderance of the evidence to be the reasonable value of the interest lost by the Plaintiff by the revocation of the lease-purchase contract by Frank Harrell, if you have so found?"

The jury answered: $5,000.00.

We hold that there is insufficient evidence to establish the value of the machinery allegedly lost by the revocation of the lease-purchase contract. This in itself would preclude any recovery by Appellee on his theory of damages proximately resulting from Appellant's allegedly fraudulent conversion of Appellee's sheet metal. The $5,000.00 that the jury found is the amount Appellee claims to have paid for the machinery. This in itself does not establish its value. Chicago, R. I. & G. Ry. Co. v. Word, 207 S.W. 902 (Tex.Com. App.1919); Security State Bank v. Spinnler, 55 S.W.2d 128 (Tex.Civ.App.1932, writ dism.).

We also hold that there is insufficient evidence as to the title of the material allegedly converted. In addition we hold that there is insufficient evidence of the proximate cause of the alleged conversion with respect to whether Wattinger could have foreseen the consequences of his act in taking the material in question.

We will not discuss Appellant's points two and three inasmuch as they are based on the alleged conversion.

Points of error four and five deal with the quantum of the evidence with respect to damages resulting from breach of contract. In view of another trial we will merely state the correct rule to be applied. Either of the following are proper methods of computing damages in this respect. One, the contract price less the reasonable cost of completion; the other, expenditures to date plus anticipated profits. Building Contracts: Damages and Restitution, Guittard, Texas Bar Journal, February, 1969, page 92 and the cases there cited. Since there is a retainage held in this case of $9,002.58, either all or a part belonging to one of the other parties to this case, and since there are so many factual possibilities that may be found on retrial we will not belabor this point further.

Nor need we discuss Appellant's seventh point of error wherein the trial court re-

quired Appellant to go to trial before a jury. The possibilities of this happening again on a new trial are too remote for cavil.

Appellee has two crosspoints which we overrule.

The first is the error of the trial court in entering judgment non obstante veredicto with respect to Special Issue No. 12 and in not entering judgment based upon the jury's verdict thereto. Special Issue No. 12 inquired of the jury what the value of Appellee's lost business to be. The jury answered $18,926.48.

Since both of these crosspoints are based on the alleged conversion, already discussed and disposed of, we will not consider them. In the interests of justice we reverse and remand the entire case for a new trial.

The judgment of the trial court is reversed and the entire cause remanded for a new trial.